Nov. Term,
1822.
—————
WEATHERS
v.
NEWMAN.

———————

## WEATHERS v. NEWMAN, Administrator.

In a proceeding by notice and motion, under the statute, by the administrator of an execution creditor, against a late sheriff for not returning an execution in favour of the intestate, the defendant may deny the representative character of the plaintiff by a plea of *ne unques administrator*.

*Friday,*
*November 20.*

ERROR to the *Clark* Circuit Court.

SCOTT, J.—This was a motion, under the statute, by *Newman*, as the administrator of *Hancock*, against the late sheriff for failing to return an execution, which had been put into his hands in favour of the intestate.   The defendant appeared and pleaded *ne unques administrator*.   The plea was rejected by the Court, and judgment rendered for the plaintiff below.

We see no good reason for rejecting the plea in this case. The sheriff was not liable to any person but the execution plaintiff or his legal representative.   If he could not gainsay the justice of the demand, he had, notwithstanding, a right to deny the representative character of the person claiming it.   And, as the plaintiff did not claim in his own right, if he could not show his representative character, he had no right to recover.

*Per Curiam.*—The judgment is reversed, and the proceed-

ings subsequent to the plea are set aside, with costs. Cause remanded for further proceedings (1).

Howk, for the plaintiff.

Ross, for the defendant.

(1) A plea that the plaintiff *ne unques executor*—where, as in the text, the cause of action accrued *in the life-time of the testator*—is a plea in abatement. 2 Phill. Ev. 290.—2 Stark. Ev. 547, 8.—*Childress, ex'r*, v. *Emory, ex'r*, 8 Wheat. 642. In such case, the general issue, or any other plea in bar, is an admission that the plaintiff is executor. Ibid. Peake's Ev. 343. Thus, in *assumpsit* on a promise to the intestate, and *non-assumpsit* pleaded, it was held that the plea admitted the plaintiff to be administrator, and that no proof of that fact could be required. *Thynne* v. *Protheroe*, 2 Maule & Selw. 553.—*M'Kimm* v. *Riddle*, 2 Dall. 100.—*Smith* v. *Ludlow*, Anth. R. 127. So, in *debt* on bond to the intestate, if *non est factum* be pleaded, the plaintiff's character of administrator is admitted. *Gidley* v. *Williams*, 1 Salk. 37.— *Kerley* v. *West*, 3 Litt. 362. So, in *debt* on a promissory note to the testator, and demurrer assigning for cause, that the profert of the letters, though in the usual form, did not sufficiently show a right to sue, it was held that if the plaintiffs were not executors, that objection should have been taken by way of abatement, and did not arise upon a demurrer in bar. *Childress, ex'r*, v. *Emory, ex'r*, supra. In *trover*, on the possession of the intestate, and a conversion in his life-time, the plea of *not guilty* is an admission that the plaintiff is administrator. *Marsfield* v. *Marsh*, 2 Ld. Raym. 824. But it is otherwise, where an executor sues for a wrong done to himself after the testator's death. Peake's Ev. supra.—2 Phill. Ev. 291. Thus, in *trover*, if the plaintiff declare as executor on a conversion in his own time, he must, on *not guilty*, prove himself executor. *Marsfield* v. *Marsh*, supra.—*Hunt* v. *Stevens*, 3 Taunt. 113.—2 Stark. Ev. 549. For the form of a plea that the plaintiff *ne unques executor*, in abatement, vide 1 Went. 14.—2 Harr. Ent. 294.

A plea that the defendant *ne unques executor* is a plea in bar; and unless the defendant plead this matter specially, he admits himself to be executor. 2 Phill. Ev. 293. The general issue merely disputes the cause of action against the deceased, and not the character or liability of the defendant. Peake's Ev. 344. The plea, denying that the defendant is executor or administrator, should be cautiously pleaded; for, if it be found against the defendant, it is considered, like that of a release to *himself*, a false plea within his own knowledge; in which case the judgment is, that the plaintiff recover both the *debt* and costs, *de bonis testatoris, et si non, de bonis propriis*. 1 Will. Saund. 336, note 10.—*Burroughs* v. *Stevens*, 5 Taunt. 554. For the form of a plea that the defendant *ne unques executor*, in bar, vide 2 Chitt. Pl. 498, 9.