May Term,
1832.

## HARTER v. SEAMAN.

The plaintiff produced a receipt in evidence and proved its execution, but did not offer to read it until his closing argument to the jury: the reading of the receipt was then objected to, because it had not been previously read. *Held,* that the objection was insufficient.

The circumstance that a deposition, which had been three days on file, had not been opened before the jury were sworn, is not of itself a sufficient objection to its being afterwards opened and read in evidence.

*Semble* that a jury may, by leave of the Court, seal up their verdict, separate for the night, and deliver in the verdict next morning; but that if, in the interim, any of the jurors be improperly practised upon, the verdict will be set aside.

APPEAL from the *Tippecanoe* Circuit Court. *Seaman* was the plaintiff below and *Harter* the defendant.

STEVENS, J.—This was an action of trespass on the case, in which there were two issues joined to the country, a jury trial, and a verdict and judgment for the plaintiff. It appears of record by a bill of exceptions, that the plaintiff produced as a part of his evidence, a number of receipts which he duly proved, but did not at that time read them; but that, afterwards, his counsel read them to the jury in his closing argument; to which the defendant objected, because they had not been before read, but the objection was overruled. It also appears by the bill, that the plaintiff opened a deposition after the jury was sworn, which had been three days on file; to which opening the defendant objected, but the objection was overruled. It further appears that, as soon as the deposition was opened, the defendant objected to its being read as evidence, for causes which existed prior to the time of swearing the jury; but that objection was also overruled, because it came too late.

The first question is, whether the Court erred in permitting those receipts to be read in the closing argument, they not having been before read. We cannot, from any thing that appears of record, say that there was any error in this. The mere circumstance of the receipts' not having been before read, was not sufficient to exclude them, if there was no trick or fraud practised on the defendant. If the receipts were produced in Court as part of the evidence, and were duly proved and laid on the table, either party had a right to read them when they pleased; they being part of the evidence to go with the jury in their retirement.

HARTER
v.
SEAMAN.

Tuesday,
May 29.

May Term,
1832.

The next question is, whether the Court erred, in permitting the deposition to be opened and read, or not. These were matters for the Court to determine from the facts and circumstances before them. There is nothing in the statute to prohibit the opening of the deposition. There might exist objections to the reading of a deposition at that stage of a cause, which would not be prohibited by the statute; but, in this instance, we are not informed what the objections were to either the opening or reading the deposition, and are therefore bound to presume that the Court decided correctly.

The last question is, did the Court err in directing the jury to seal up their verdict and bring it into Court next morning? The record on this point presents no error. It does not appear that the jury were authorised to disperse, or that they did disperse; and if it did so appear, we are not satisfied that that would of itself be error. It is said in the case of *King* v. *Woolf et al.*, 1 Chitt.. R. 401, that it is a matter of discretion with the Court whether the jury shall separate or not; and that a separation does not vitiate the verdict, where there is no suggestion of their having been improperly practised upon in the interim. This discretion of permitting juries to separate is, however, a great relaxation of the old rigid rule, and ought never to be exercised when it can conveniently be avoided (1).

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Wick* and *T. H. Blake,* for the appellant.

*W. M. Jenners,* for the appellee.

(1) Vide *Bosley* v. *Farquar et al.* Vol. 2, of these Rep. 61, 67, 70, and note.—= *Barlow* v. *The State,* Idem, 114, and note.