Nov. Term, 1840.

Codding v. Whitaker.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.

*P. Sweetser*, for the defendant.

---

Codding *v.* Whitaker, Administratrix.

*Ne unques administrator* may be pleaded in bar of an action brought by an administrator for a cause of action which accrued in the lifetime of the intestate.

Monday, January 4, 1841.

ERROR to the *La Grange* Circuit Court.

Dewey, J.—Assumpsit by an administratrix on promises made to her intestate. Plea, *ne unques administratrix* in bar. General demurrer to the plea sustained, and final judgment for the plaintiff.

The question is, can *ne unques executor* be pleaded in bar of an action brought by an executor for a cause of action accruing in the lifetime of the testator? We are not aware that this question has ever been directly answered in the negative by any decided case, in which it formed the subject-matter of adjudication. It is true, the old books contain forms and instances of such a plea in abatement; and *dicta* have found their way into the books, that it can be pleaded

only in that form. There are instances too, and of a later date, in which it has been pleaded in bar, and issue taken upon it, without question of its validity. *Stokes* v. *Bate*, 5 B. & C. 491.—*Thompson* v. *Reynolds*, 3 Carr. & Payne, 123. Upon the authority of the former of these cases, *Chitty* has given the form of this plea in bar; 3 Chitt. Pl. 941; and it is not among his precedents in abatement. Serjeant *Williams*, in commenting upon a case in Carth. 373, in which the plea denying the character of the plaintiff as administrator was in abatement, condemns that form of pleading, and insists that it should have been in bar. The reason assigned by him is, that every plea in abatement must give a better writ, whereas a plea denying the character of the plaintiff as administrator, shows that he has no right to sue at all in that capacity. 1 Saund. 274, n. 3. Without deciding that the plea in question would not be good in abatement, we conceive that on principle and authority it is good in bar; and this view of the matter is in accordance with the case of *Weathers* v. *Newman*, 1 Blackf. 232.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. B. *Howe* and H. *Cooper*, for the plaintiff.

D. H. *Colerick*, for the defendant.