The opinion of the Court was delivered by
Whitner, J.
The prominent question in this ease is whether the paper propounded as a will was duly executed. The appellants point in their second ground of appeal to the alleged *136 defect in the proof, the failure of one of the subscribing witnesses to prove the signature of the alleged testator or his acknowledgment, and in their first and third grounds suggest the legal propositions on which they rest their motion that the requirements of the Statute are satisfied with nothing less than the independent and separate proof by each attesting witness of these material facts. When these objections are met with the proof furnished by the other subscribing witnesses, it is insisted that any such omission can only be supplied by proof aliunde, otherwise the requirements of the statute of attestation by at least three credible witnesses would be futile. The requirements are plain and specific, and it is fully conceded that the' law sternly exacts a compliance with all the formalities set forth by the statute. But at last the true inquiry is, what in truth was done, the maxim holding good it is said in the execution of wills as well as deeds, non quod (dictum, sed quod factum est, inspicitur — as in other inquiry after the fact it is purely a question of evidence.
It cannot be maintained as a sound legal proposition that each witness must recollect and prove the fact of signature or testator’s acknowledgment. Such a principle would place the validity of wills on a very precarious basis, depending mainly on the selection of persons of retentive memories. The guard which the statute seeks to throw around the testator by requiring at least three witnesses on such a view would greatly multiply the hazard of disappointment, and yet more startling is the idea that such defect can only be supplied by testimony derived otherwise than from the remaining subscribing witnesses. It is supposed a less stringent rule would amount to a virtual repeal of the statute when a single witness might alone ' establish a will. To sustain the proposition contended for, would to my mind subvert the plainest rules of evidence. The dishonesty of a witness, the casualty of death as well as the frailty of memory would then become not only a serious but often an insurmountable obstacle in offering the required proof. *137 Instead of withdrawing into a private, room and executing a will in the presence of the selected and confidential friends of the testator comprising the number indicated by the statute, it would become a matter of common precaution to assemble many beside, that these apprehended contingencies might be provided against. Authorities on the principles involved on which this case turns are to be found in 1 Jar. on Wills, 72, 73; 3 Pr. Wms. 253; 2 Str. 1109; 1 Met. 349; 5 Johns. 144; 1 N. & McC. 272; 8 Rich. 135.
This Court without division is of opinion that the evidence was quite sufficient to authorize the jury to find the will, properly executed.
The fourth ground complains that the jury after retiring to their room separated and returned an unsealed verdict.
The presiding Judge on leaving the Court room at the usual hour for dinner permitted the jury if they should agree before his return to disperse for dinner, and bring in their verdict at the close of the recess. Consent was not asked of counsel nor was any objection interposed when the verdict was rendered.
In 1832, a similar ground was taken in a case under like circumstances, except that the jury after they had agreed dispersed for dinner without permission of the Court: that verdict was sustained. Sartor vs. McJunkin, tried before Earle, J., though the case is found reported in 8 Rich. 451. The fact of separation with or without the permission of the Judge could make no difference as to the parties to the suit or the effect of the verdict. It might subject the jury to punishment as for a contempt, for when empanelled they have no right to disperse without leave of the Court. 4 Black. Comm. 375. During’the progress of a case they are permitted to separate, now almost universally in this State and from the very necessity of circumstances. After retiring they are permitted to separate when they have agreed, with the consent of parties. But it may well be doubted, as it has been, whether it is proper to ask for consent. Abbott, J., says, 1 Chit. 401, that if the question be put, the party cannot *138 be supposed to exercise a free choice. His refusal to accommodate might excite the feelings of a jury against him.
It is perhaps better, and we so consider, that it is matter for discretion with the Court, whether the jury shall separate or not as well during the progress of the case as after verdict has been agreed on. Upon authority it is well sustained that a separation after an agreement cannot vitiate a verdict unless there is ground for suspicion that the jury have been improperly tampered with, and the verdict affected,by intervening circumstances.
In 2 Cowen, (Horton vs. Horton,) 589, and 3 Black. 27, will be found cases very similar to the one under consideration.
In Smith vs. Thompson, 1 Cow. 221, many authorities, English and American, are collected by the reporter.
The motion of appellants for a new trial is refused.
O’Nball, Wardlaw, Withers and Glover, JJ., concurred.
Munro, J., absent at argument.

Motion refused.