## Leas et al. *v.* Cool.

Jury.—*Return of Verdict, during Voluntary Absence of Parties and Counsel.* —*Separation of Jury.*— *Waiver.*—After the retirement of a jury. to consult as to their verdict, one of the parties to the cause on trial, and his attorneys, voluntarily departed to places distant from the court-house. During their absence, and at an hour long after nightfall, the jury brought their verdict into court, but, on account of the absence of such party and his attorneys, the court permitted them to separate, refused to receive the verdict and directed the jury to seal up their verdict, to communicate it to no one, and to return the same into court next morning, which they did without objection, though such party and his counsel were then present. *Held,* that, upon the first presentation of such verdict, the court might have then properly received it, or might have returned the jury to their room until morning, or have adopted the course it did.

From the DeKalb Circuit Court.

*R. W. McBride, J. L. Morlan, W. H. Leas, W. L. Penfield* and *C. E. Emanuel,* for appellants.

*J. I. Best* and *C. A. O. McClellan,* for appellee.

BIDDLE, J.—Suit on account, by the appellee, against the appellant. Verdict and judgment for appellee. Appeal.

The only ruling the appellants complain of is an alleged irregularity in the proceedings of the court and jury, by which, as they think, they were prevented from having a fair trial. The irregularity assigned as cause for a new trial is founded upon the following affidavits, and statement of the court:

The affidavit of R. Wes. McBride states:

"That he is a practising attorney of this court, and one of the attorneys in said cause; that after the jury had retired to deliberate in said cause, to wit, about 6 o'clock P. M. of the 15th juridical day of said term, he, with his co-counsel, except W. L. Penfield, Esq., and John Leas, the only one of said defendants who was present in court on said day, all left the court room, and went to their respective residences at Waterloo, 4½ miles distant therefrom; that, on their leaving the court room, he, in behalf of his other co-counsel, and said defendant, and at his instance, entrusted the management of said cause wholly to said W. L. Penfield, who was to remain, and did remain, to protect and attend to the interests of defendants in said cause thereafter, until the ensuing morning; that neither he nor his co-counsel, except said Penfield, or said defendants or either of them, returned to Auburn, or to said court room, until about 8 or 9 o'clock A. M. of the following day; that he did not agree or consent to any separation of the jury in said cause, after they thus retired to deliberate upon their verdict, nor did his co-counsel or either of said defendants, as he is informed and believes, nor did he or they know until after their return to the court room on the said following morning, that said jury had been allowed to separate after their said retirement.

(Signed,) "R. WES. McBRIDE."

The affiant George W. Maxwell makes the following statement:

"That he is and has been the acting deputy and bailiff for the sheriff of said county, for and during the entire said term of this court; that, as such bailiff, he had in charge the jury who tried said cause, and returned the verdict therein; that said jury retired to deliberate upon their verdict in said cause, at or about 4 o'clock P. M., October 10th, 1877; that said jury agreed upon their said verbict at or about 9 or 10 o clock P. M., on said day; that at said time none of said defendants, nor any of their attorneys, were present in court, nor were any of them called; that said court thereupon instructed the jury that, inasmuch as none of the parties nor attorneys in said cause were present, said jury should seal up their verdict and return the same in the morning of the following day, and thereupon permitted them to separate and go to their respective abodes; and said jury did so separate and go from the court room, and remain away and separate, until at or about 8 or 9 o'clock A. M., on the following day, when they returned and entered their jury box and returned their verdict in said cause.

(Signed,)                      "GEORGE W. MAXWELL."

The affidavit of W. L. Penfield states:

"That he is one of the attorneys for defendants in said cause; that said jury retired to deliberate on their verdict in said cause, at or about 4 o'clock P. M., October 10th, 1877, the same being the 15th juridical day of said term; that said defendant John Leas was the only one of said defendants present at court on said day, and that he and all of defendant's attorneys, except affiant, left the court room and went to their homes at Waterloo, at or about 6 o'clock P. M. of said day, and were not again in Auburn, or in said court during said day; that, before said defendant and affiant's

Leas *et al. v.* Cool.

co-counsel left said court room, the subsequent manage-ment of said cause during their absence was by them left and entrusted to the sole and exclusive management and control of affiant; that affiant left the court room and went to his home between 6 and 7 o'clock P. M., and that neither he nor any of said defendants or attorneys were again in court until about 8 o'clock A. M. the next morning, at the opening of court; that, as affiant is informed and believes, about 9 o'clock P. M. of said 10th day of Octo-ber, said jury were thereupon, by the court, without the knowledge or consent of affiant, and, as he is informed and believes, without the knowledge or consent of said defend-ants, or their attorneys, permitted to leave their jury room and separate and go to their respective abodes and residences, and did so go and remain separate until at or about 8 o'clock A. M. of the day following, when they re-turned into court and took their places in their jury box and returned their verdict in said cause.

(Signed,) "W. L. PENFIELD."

The bill of exceptions also contains the following state-ment made by the court:

"That the jury agreed and returned their verdict in open court, about 10 o'clock P. M., and that all of the counsel in the cause had gone to their respective homes, all of whom lived in another town, four miles distant, ex-cept Wm. L. Penfield, Esq., who lived nearly or quite ¾ of a mile from the court-house, and the court, to avoid sending for these persons, directed the jury to seal up their verdict and separate till next morning, under instruc-tions to not communicate the fact to any one, which they did not do; and, in the presence of the court, the papers then held by them were placed in an envelope, without the court or any one else, other than the jury, knowing what they were; and on next morning, in the presence of the defendants and their counsel, the jury, in open

court, opened said envelope, and then returned their ver-
dict, which was received by the court, and the jury dis-
charged, without opposition upon the part of the defend-
ants, or any one else, they knowing at the time that the
verdict was received, that the jury had been allowed to
separate, although they did not know that they re-
ported prior to the time that they were called into the
jury box to deliver their verdict; and there were no
other affidavits filed in said cause upon said motion than
those marked A, B, C, which motion was by the court
overruled, to which action and decision of the court the
defendants at the time duly excepted; and they ask that
this their bill of exceptions be signed and sealed by the
court, and made a part of the record, which is done, this
13th day of October, 1877."

The court represents the public interests; the parties
represent their private interests. The private interests of
the parties must yield to the public interests; much more
should the mere convenience and comfort of parties and
their attorneys yield to the public interests. Where three
defendants, and their three attorneys, voluntarily absent
themselves from their case during the progress of a trial,
simply for their convenience and comfort, they have no
cause of which they can rightfully complain. It was the
duty of the attorneys to be present at the time the jury
returned their verdict, unless they had made some agree-
ment or other arrangement by which the verdict could be
properly received in their absence. If they choose to
absent themselves without excuse, voluntarily, the prog-
ress of the court can not be embarrassed, nor the public
interests neglected, for that reason. The manner of pre-
siding, and the method of conducting the business of a
court, are entrusted by the law mainly to the discretion of
the judge; and that discretion must be clearly abused, to
authorize an appellate court to reverse a judgment for

that cause.   When the jury returned their verdict on the day of the trial, and the defendants and their counsel were absent, it was within the discretion and the power of the court to remand the jury to their room, and confine them there until the defendants and their attorneys returned; but such a course would have been unnecessary and unprecedented; or the court might have received the verdict in the absence of the defendants and their attorneys, where that absence, as in this case, was voluntary and for their own convenience; this course would have been proper; or the court might have taken the course it did.   This is entirely proper.   We can not say that it is even an irregularity; and, besides an irregularity, it must be also shown that it was such an irregularity as prevented the party "from having a fair trial."   In this case there is not even a pretence that the party was prevented from having a fair trial.   The verdict was first returned into open court; it was written and of great length, containing the general verdict and twenty-four special interrogatories, with their answers; it was put in an envelope in the presence of the court, under the court's instructions not to communicate with any one as to its contents, and returned, as directed by the court, into open court upon the following morning, in the presence of the defendants and their attorneys, and received by the court.   Under this state of facts, it was quite impossible to have tampered with the verdict, or have done any act which could possibly affect the fairness of the trial.   Besides this, the verdict was received in open court, in the presence of the defendants and their attorneys, who, with a full knowledge that the jury had been allowed to separate, made no objection and reserved no exception.   By this silence they must be held to have waived whatever irregularity there was in the proceedings of the court.

The court very properly overruled the motion for a new trial; it has no ground to rest upon.

The following authorities fully support us in these views: *Bosley* v. *Farquar*, 2 Blackf. 61; *Harter* v. *Seaman*, 3 Blackf. 27; *Drummond* v. *Leslie*, 5 Blackf. 453; *Haynes* v. *Thomas*, 7 Ind. 38; *McCorkle* v. *The State*, 14 Ind. 39; *Parmlee* v. *Sloan*, 37 Ind. 469; *Crocker* v. *Hoffman*, 48 Ind. 207; *Rush* v. *Pedigo*, 63 Ind. 479; *Blacketer* v. *House*, 67 Ind. 414.

The judgment is affirmed, at the costs of the appellants, with ten per cent. damages.