## TERRE HAUTE AND LOGANSPORT RAILWAY COMPANY *v.* THE TOWN OF FLORA.

[No. 3,787.    Filed June 25, 1902.]

MUNICIPAL CORPORATIONS.—*Opening Streets.*—*Assessment of Benefits.*— Where the report of the commissioners in a proceeding under §4405 *et seq.* Burns 1901 for the extension of a street is silent as to benefits, it will be presumed that there were no benefits to assess upon any property.  *p. 444.*

SAME.—*Opening Streets.*—*Assessment of Benefits.*—*Payment of Damages.*—The payment of damages for property taken for the opening of a street, under §4405 *et seq.* Burns 1901, is not dependent upon the collection of benefits.  *p. 444.*

SAME.—*Opening Streets.*—*Amendment of Record.*—A municipal corporation may amend its record *nunc pro tunc* to show that the report of the commissioners for the opening of a street was adopted by a majority of the town trustees.  *p. 445.*

SAME.—*Opening Streets.*—*Trial on Appeal.*—*Evidence.*—In an appeal from the report of commissioners in a proceeding to open a street, the burden being upon the town to show that the proper statutory steps were taken, it was not error to admit in evidence, under proper instructions, the report of the commissioners showing the amount of damages awarded the appellant.  *p. 446.*

SAME.—*Opening Streets.*—*Trial on Appeal.*—*Evidence.*— Where in the trial of an appeal from the report of commissioners in a proceeding to open a street across a railroad right of way evidence had been given as to the cost of planking the street its full width, and some evidence had been introduced to the effect that it was not necessary to plank the street its full width, no error was committed in admitting evidence showing how the public crossings in the town were constructed with reference to the length and width of the planking.  *p. 447.*

SAME.—*Opening Streets.*—*Trial on Appeal.*—*Instruction as to Damages.*— No error was committed in instructing the jury, in the trial of an appeal from the report of the commissioners opening a street, in effect, to assess the damages, if any, appellant might sustain by reason of the taking of its property; since if the jury believed from all the evidence that the benefits accruing to appellant were equal to the injury sustained by it by reason of the land taken, it would not be entitled to any damages.  *pp. 447, 448.*

SAME.—*Opening Streets.*—*Damages.*—The jury is not bound by the estimate given by witnesses as to the value of land taken for a street, but may take into consideration the benefits conferred.  *p. 448.*

From Carroll Circuit Court; *T. F. Palmer,* Judge.

Terre Haute, etc., R. Co. *v.* Town of Flora.

Proceeding by the Town of Flora to open a street across the right of way of the Terre Haute and Logansport Railway Company. From a judgment on appeal in favor of the town as to the regularity of the proceedings, and of the railway company as to damages, the railway company appeals. *Affirmed.*

*J. G. Williams, C. G. Guenther* and *A. B. Clark,* for appellant.
*W. C. Smith* and *G. W. Julien,* for appellee.

ROBINSON, J.—Proceedings by appellee to extend a street across appellant's right of way. From the report of the commissioners appellant appealed to the circuit court. A trial resulted in appellee's favor as to the regularity of the proceedings and in appellant's favor for damages.

The first error assigned questions the regularity of the town board's proceedings, in that no provision was made by way of assessment of benefits to pay the damages assessed, and in making an appropriation out of the funds of the town to pay such damages. The statute (§4405 Burns 1901), after making provision for the appointment of commissioners by the town board and the giving of notice, provides (§4406 Burns 1901) that "such commissioners, or a majority of them, shall, at the place and time indicated in such notice, proceed to an examination of the real estate proposed to be appropriated as aforesaid, and shall then and there estimate, first, the value of the land or other property to be appropriated for such improvement; second, what real estate, if any, would be benefited by the improvement, specifying the same in parcels, with the name of the owner if known, and the proportion of benefits each owner receives, and the proportion of damages each would sustain. They shall view the premises, and receive any evidence touching the question before them; and may, for that purpose, administer oaths to witnesses examined in relation thereto. They shall report on each of the specifi-

cations above indicated, and, within ten days there-
after, file the same with the clerk of the board of trus-
tees." The report of the commissioners does not show that
any property was assessed as benefited, and it is argued
that the board of town trustees is authorized to pay dam-
ages only out of a fund accruing from the assessment of
benefits.

It is true the statute requires the commissioners to re-
port the value of the property appropriated, and the real
estate, *if any,* benefited, and the proportion of benefits
and damages to each owner. But it is also provided (§4407
Burns 1901) that when the report is filed, if accepted, the
board of trustees shall direct the town treasurer to tender
the owner the amount of his damages less benefits. As the
report of the commissioners in question is silent as to any
benefits, it will be presumed that there were no benefits to
assess upon any property. The language of the statute
contemplates that there may be no benefits. If the report
of the commissioners is accepted it becomes the duty of the
town to tender the damages before any further proceed-
ings are had. The payment of these damages is in no
sense dependent upon the collection of benefits. Provi-
sion is made (§4408 Burns 1901) for the collection of bene-
fits if any have been assessed, but the collection of these
benefits is not a condition precedent to opening the street.
After the damages have been tendered, the municipality
may proceed to open the street, and although an aggrieved
party may appeal from the commissioners' report the city
may proceed as if no appeal had been taken. §4409 Burns
1901. It is clear from a reading of the statute that it was
not intended by the legislature that a street could not be
opened and damages paid unless there were sufficient bene-
fits assessed to pay such damages. As the town is given
the power to open the street and take the property over
which it passes for a public use, the statute must not be
given a construction that would make it possible, under any

circumstances, to take property for a public use without just compensation to the owner. As the right to take the property is absolute under certain conditions, the right of the property owner to just compensation can not be made to rest upon a contingency.

It is also argued that the demurrer was improperly sustained to the tenth specification of objection, which was to the effect that while it appeared on the face of the transcript that the board of trustees accepted and adopted the report of the commissioners August 6, 1900, in truth and in fact the record, as prepared by the town clerk, did not show that at the time the proceedings of August 6, 1900, were first entered of record the report was adopted by a majority of the town trustees, but that the clerk, or some other person, without any authority so to do, attempted to correct the record of the proceedings of August 6, 1900, by inserting an entry showing that the order was adopted by the unanimous vote of the board, and that the board had never ordered or directed any change to be made.

The burden was upon appellee, when the appeal was taken, to show the regularity of the proceedings by the board of town trustees. It must show, among other things, that the report of the commissioners was adopted; and this must be shown by the record of the board's proceedings, and can not be shown by parol. The transcript shows upon its face that the report was adopted. The greatest effect that could be given the tenth objection would be a denial of the fact that at the time the appeal was taken, the record showed that the report of the commissioners had been adopted by a majority of the board of trustees. But this would not amount to a denial of the fact that the report had been actually adopted. It may have been adopted by the board at the time, and no record made. In such case the record could afterwards be made to speak the truth. Appellee had the right, like a court of record, to amend its record *nunc pro tunc;* and it is not material as to the time

when such entry was made. No one who is not injured can complain of the action of a municipality in making its record disclose, as done, that which actually was done. The transcript shows that a record of the board's proceedings adopting the report was made, and the objection does not allege that the report was not adopted by the board. 1 Dillon on Mun. Corp. (4th ed.), §297; *Chamberlain* v. *City of Evansville,* 77 Ind. 542; *City of Logansport* v. *Crockett,* 64 Ind. 319; *Holland* v. *Spell,* 144 Ind. 561; *Town of Rensselaer* v. *Leopold,* 106 Ind. 29.

Complaint is made of the reading in evidence of the report of the commissioners in which was set out the amount of damages allowed appellant by the commissioners. The trial upon appeal is not *de novo.* "No other question shall be determined than the regularity of the proceedings in the suit and the amount of damages sustained." §4409 Burns 1901. The appointment of commissioners, their report, and its acceptance were steps in the proceedings of the town to open the street, the burden of showing which was upon appellee. If appellee showed that the successive statutory steps were taken, the only remaining question to be determined was the question of damages. These statutory steps were matters of record and could be shown only by the record. The report of the commissioners showed the amount of damages awarded by them to appellant, but when the report was introduced in evidence the court instructed the jury that the fact that an amount of damages had been awarded by the commissioners was not to be considered by them, or to have any influence upon their minds in determining what damages, if any, they should assess. As the report and its acceptance by the town were necessarily a part of the board's proceedings, we think the report was properly admitted in evidence, and that, even if the report was not proper evidence, the error in its admission was cured by the court's instruction.

Terre Haute, etc., R. Co. *v.* Town of Flora.

Over appellant's objection, a witness was permitted to answer a question as to how the public crossings in the town were constructed with reference to the length and width of the planking. Appellant had introduced evidence as to the cost of planking the street its full width. There was some evidence that it was not necessary to plank the street its full width. It is true that a jury can not be permitted to make remote inferences from facts having no visible connection with the facts in dispute; but the point here in controversy was the cost of building a crossing, which cost would be a proper item of damages. This cost would depend upon the kind of crossing constructed. The law does not require that any particular kind of crossing shall be built, but it does require that a safe crossing shall be constructed. The evidence introduced would tend to show the character of crossing that might be required at the particular place, and the expense appellant would necessarily have to incur in building a crossing. Evidence was given as to the kind of planking necessary at the particular place and the cost of making the crossing; and while we think the evidence complained of was proper, yet, even if it was improperly admitted, we fail to see how it could be so prejudicial to appellant as to be reversible error.

The jury was instructed in effect to assess the damages, if any, appellant might sustain by reason of the taking of its property. Objection is made to the instruction because it left the jury to say whether appellant had been damaged in any sum. It is quite true that property can not be taken for a public use without just and adequate compensation made or tendered to the owner. In some jurisdictions, benefits peculiar to the owner can not be set off against the injury sustained by the landowner; but in this State such benefits may be taken into consideration, and may constitute a compensation within the mandate of the Constitution. If the pecuniary value of benefits actually resulting to the landowner equals the value of his

property which the public has taken, it can not be said that he has not been given the constitutional compensation for his property. If the jury believed from all the evidence that the benefits accruing to appellant were equal to the injury sustained by it by reason of the land taken, it would not be entitled to any damages. The instruction was not in contravention of any of appellant's constitutional rights. "Benefits", says the author in Elliott on Roads and Sts. (2d ed.), §244, "peculiar to the owner may, in a just sense, be said to constitute a compensation, because they add to the value of the property, and thus increase the owner's estate. To the extent of the special benefit received and the increase in the value of his property thereby, he is not, in reality, injured." See *McIntire* v. *State*, 5 Blackf. 384; *Bauman* v. *Ross*, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270; §4406 Burns 1901; *Forsyth* v. *Wilcox*, 143 Ind. 144; *Indiana Central R. Co.* v. *Hunter*, 8 Ind. 74; *Hagaman* v. *Moore*, 84 Ind. 496; *Ross* v. *Davis*, 97 Ind. 79.

It is also argued that the amount of damages assessed by the jury is too small. The value of the land taken, and the cost of necessary structural changes were elements of damages. If, in fixing the damages, the jury was limited to the estimates given by the witnesses, the amount of damages fixed by the jury in this case would be too small. But the jury are not so limited. They must determine the benefits and damages from all the evidence given in the case. In *Watson* v. *Crowsore*, 93 Ind. 220, witnesses gave estimates, which were undisputed, as to the value of the land taken for a highway, the amount and cost of fencing the landowners would be required to build; and it was argued that had these estimates been adopted the damages assessed were too small. "This may all be conceded," said the court, "and yet it does not follow that the assessments were too small. The jury was not bound by or limited to these estimates in making the assessments. These de-

pended upon the circumstances as disclosed by the entire evidence bearing upon that question. The value of the land and the cost of the fence were elements of damage, but the opinion of witnesses did not necessarily fix the amount of either. These were evidence of such facts, but the jury was not bound by them, and hence they did not necessarily establish such · facts. *Town of Princeton* v. *Gieske,* 93 Ind. 102. Nor did these facts, if established, determine the amount of damages. These depended upon other circumstances. The benefits conferred were also to be considered. *Hagaman* v. *Moore,* 84 Ind. 496. And as these, if any, may equal the difference between the damages assessed and the estimates made, we can not say that the damages assessed are too small, simply because they are less than such estimates warranted."

Applying the above rule to the evidence in this case, we can not disturb the jury's verdict without weighing the evidence to determine the preponderance. This we can not do. Judgment affirmed.