## LIVENGOOD *v.* WRIGHT.

[No. 14,342.    Filed April 19, 1932.    Rehearing denied July 27, 1932.]

*A. T. Livengood* and *Livengood & Livengood,* for appellant.

*Parr & Parr* and *Harry C. Meloy,* of counsel for appellee.

CURTIS, J.—This was an action brought by the appellant against the appellee for damages alleged to have been caused by an automobile collision. The complaint, upon which the trial was had, consisted of one paragraph and was denominated amended complaint. The answer was in general denial. Upon the issues thus formed the cause was tried before a jury who returned a verdict for the appellee upon which, and in accordance therewith, a judgment was entered for the appellee. Before the judgment was entered there was a motion for a new trial filed and overruled and an exception taken. The error assigned and relied upon for reversal is the action of the court in overruling the motion for a new trial. There were 14 causes or grounds stated in the motion. None of these causes, except number 4, are discussed or even mentioned by the appellant in his brief and they are all waived except said cause number 4. Said cause number 4 is based upon alleged "irregularity, error or misconduct of the court in the trial of the cause."

It is to be noted at the outset that at no place in the appellant's brief has there been any attempt made to show that there was ever any objection made or exception taken to the action of the trial court complained of. Appellant's brief does show that an exception was taken to the action of the trial court in overruling the motion for a new trial. But the motion for a new trial does not supply the failure to make a proper objection and to reserve an exception where such objection and exception are necessary as the basis upon which to predicate error upon appeal. In Ewbank's Manual of Practice, Second Edition, §24, et seq., it is said: "it is only rulings to which exceptions were reserved in the court below that can be made available to reverse a judgment. Such an exception must be taken at the time the ruling complained of is made, both in

civil cases (except as to instructions) and in criminal cases, or (if that is shown by the record to have been impossible) at the earliest legal opportunity, though time may be granted by the court in which to reduce the exception to writing, where a bill of exceptions is necessary in order to save it." The text above quoted from is supported by numerous authorities in this state which are cited therein. Without an exception having been reserved in the instant case to the particular action of the trial court complained of, yet what purports to be a Bill of Exceptions Number 1 is set out in the appellant's brief. This Bill of Exceptions Number 1 is historical of what is complained of and, omitting formal parts, is as follows: "Be it remembered that heretofore, to-wit: on the 10th day of October, 1929, during the progress of the trial of said cause, and after the evidence had been introduced therein, the argument of counsel having been concluded, the jury instructed by the court as to the law in the case, and while the jury was deliberating upon their verdict, the plaintiff alleges, there resulted irregularity, error, or misconduct of the court, before the conclusion of the trial, occurring in this manner and way to-wit: That long after the court had charged the jury, as aforesaid, by giving the instructions tendered by both plaintiff and defendant, and those of the court's own motion, given the evening of the said day of October, 1929, as aforesaid, the jury then having duly retired about six o'clock p. m. to deliberate on their verdict, with the acquiescence and consent of counsel for the parties and by the court's direction; and immediately thereafter, the plaintiff and her attorneys and counsel for defendant went from the court room of North Vernon, Indiana, a distance of about one and three-fourths miles where all the attorneys for the parties either lived or were stopping during the trial, and one of the attorneys for the plaintiff, V.

E. Livengood, told the court, at the conclusion of the giving of the instructions to the jury, that he wanted to leave early the next morning for his home in Covington, Indiana, but he would remain all night at the Metropole Hotel in North Vernon, Indiana, and the judge announced to all of the attorneys that he desired to leave early the next morning for a Criminal Conference at the city of Indianapolis, Indiana, and the judge said then and there, that it was not the custom to receive sealed verdicts from the jury; that immediately after the judge instructed the jury, he announced in open court, that he wanted to leave at or near the hour of 2 o'clock a. m. the next morning for such conference, and would keep court open until that time and would receive the verdict if returned that night, and the jury having deliberated upon the evidence and the instructions until about 1 o'clock a. m. the next day, the same being Friday, October 11, 1929, and not having before then agreed on their verdict the judge of this court in the presence of counsel for the defendant and without the presence and knowledge of the plaintiff or her attorneys and without any effort or attempt being made by the court to notify plaintiff or her attorneys, and upon the request of the jurors the court again re-read said instructions to the jury in the night about 1 o'clock a. m. without the consent or knowledge of plaintiff or her attorneys and all of this was done in the presence and hearing of the counsel of the defendant, but it was in the absence and without the knowledge, notice to, or consent of the plaintiff or her attorneys, expressed by either of them; and done without any notice given by the court whatever to the plaintiff or her counsel, and thereafter the jury again by order of the court returned to their room and deliberated further upon their verdict for one hour or more, after said instructions were re-read as aforesaid; they then after the expiration of one

hour or more returned a verdict to the court for the defendant; and this was done in the presence of the counsel for the defendant; and again in the absence of plaintiff or her counsel and without the court giving or attempting to give any notice to plaintiff or her counsel, and without plaintiff or her counsel having notice or knowledge of the return of the verdict, or what occurred after the first charge to the jury in the evening of October 10th, aforesaid, and the court received the verdict of the jury and discharged them in the absence of the plaintiff or her counsel and without any notice or knowledge thereof to plaintiff or her attorneys and without plaintiff or her attorneys expressed consent; and defendant's counsel were present in the court room with the spectators and court officials including the judge of the court, himself, during one occasion when the court bailiff conducted the jury through the court room to the toilet room and returned them to the jury room, also while the court re-read said instructions and when said verdict was returned as aforesaid.

And the plaintiff now here on the 10th day of October, 1930, within the time allowed and given by this court, presents and tenders, this Bill of Exception, No. 1, and asks that the same may be signed, sealed and filed as a paper in said cause, and made a part of the records, which is accordingly done this day and year last aforesaid."

It thus appears that the appellant's attorney and the judge both desired to leave early in the morning following the date when the cause was submitted to the jury and that after the jury had been instructed the judge announced in open court that he would keep court open that night to receive the verdict of the jury, if returned that night and that it was not his custom to receive sealed verdicts. There is not shown any objection by the appellant to this announced plan of the

court. The appellant had notice and knowledge as to the intention of the court to remain open during the night. If he chose to absent himself he should not be heard to complain that he was not present when the instructions were re-read and the verdict received and read. This is a civil action and it was not error under the circumstances of the instant case to re-read the instructions and to receive the verdict in the appellant's absence. He knew that the court was open for the business of this particular case. See *Leas et al.* v. *Cool,* 68 Ind. 166. The right to be present at the return of a verdict is one which a party may voluntarily waive or abandon. *Cox* v. *Peltier,* 159 Ind. 355, 65 N. E. 6. All of the presumptions are in favor of the correctness of the action of the court below, and where an appellant claims in this court that any of those actions or decisions are erroneous, he must so save and present the alleged erroneous action or decision, in the record, as to exclude every reasonable presumption in favor of said action or decision. See *Myers* v. *Murphy et al.,* 60 Ind. 282. This principle of law has been re-affirmed in numerous of the Indiana decisions. In our opinion no reversible error is shown.

Judgment affirmed.