WHITE, ADMINISTRATRIX *v.* ALLMAN.

[No. 18,186. Filed February 28, 1952.]

*O. F. Rhodes* and *R. M. Rhodes,* both of Peru, for appellant.

*Cole, Wildman & Cole* and *McClure, Shenk & Ellis,* all of Peru, for appellee.

BOWEN, C. J.—This is an appeal from a judgment in an action brought by the appellant against the appellee for damages for the wrongful death of appellant's decedent, Wilmer L. White. Issues were joined upon the

appellant's second amended complaint for damages for wrongful death to which the appellee first filed an answer which denied material allegations of plaintiff's complaint. Four days later, the appellee filed a second paragraph of answer under oath, which denied that the plaintiff was the duly appointed, qualified, and acting administratrix of the estate of Wilmer L. White, deceased, and denied that she was the appointed and qualified administratrix, and the appellee demanded proof thereof on the trial of such cause. The appellant filed a motion to strike out Rhetorical Paragraphs Nos. 1 and 2 of the appellee's second paragraph of answer, which motion to strike alleged that Rhetorical Paragraph No. 1 was, in truth, a plea in abatement. The appellant alleged in the motion to strike that the appellee's first paragraph of answer was in the form of a denial, and that by reason of the filing of said denial to the appellant's second amended complaint, the defendant has waived his right to question the capacity of the plaintiff to sue. Such motion to strike relied on §2-1034, Burns' 1946 Replacement. The said statute refers to pleas in abatement, and appellant urges this statute is controlling, in that, since a plea in abatement must precede an answer in bar, the defendant has waived his right to question the right of plaintiff to maintain the action as such administratrix.

The court overruled appellant's motion to strike, and said cause was submitted to a jury for trial, and at the close of appellant's evidence, appellee filed a motion for an instructed verdict on the grounds that there was insufficient evidence to sustain any verdict in favor of the appellant, plaintiff below, and alleging that at the commencement of this action, the plaintiff was not the duly appointed, qualified, or acting administratrix of the estate of Wilmer L. White, deceased; that she did not

become the duly appointed, qualified, or acting administratrix of said decedent's estate until after the lapse of more than two years after the death of Wilmer L. White; that since such qualification arose on September 27, 1947, which was more than two years after the accident in question, there was no duly qualified personal representative of the estate of Wilmer L. White, and by reason thereof, the action must abate, and such motion requested the court to instruct the jury to return a verdict in the defendant's favor. The court sustained the appellee's motion for an instructed verdict. The jury returned a verdict in favor of defendant, and the court rendered judgment upon this verdict.

Errors assigned for reversal are that the trial court erred in overruling appellant's motion to strike out the appellee's second paragraph of answer to the appellant's second amended complaint; that the trial court erred in instructing the jury to find for the appellee; and that the trial court erred in overruling appellant's motion for a new trial. Grounds of appellant's motion for a new trial are that the court erred in striking out the answer of witness, Carrie M. White, on appellee's motion when she was asked by counsel for the plaintiff, the question: "Has there been an administrator appointed for your son?" The witness answered, "Yes, sir." Counsel for the defense moved that the answer be striken, and the court sustained the motion to strike out the answer. Other grounds are that the court erred in sustaining the appellee's objection to the admission of the appellant's Exhibit No. 1 into evidence, which was a certified copy of letters of administration which had been identified by the witness, Carrie M. White; and that the court erred in sustaining the objections of appellee to the question asked of Carrie M. White by the

appellant as follows: "What happened at the time of the accident between your automobile and that driven by Charles M. Allman on February 25, 1944?"

Considering the first error assigned that the court erred in overruling appellant's motion to strike out appellee's second paragraph of answer, it appears that the plea which was made by the appellee was a plea of *ne unques* executor. The appellant insists that such a plea, in reality, challenges the capacity in which plaintiff sued, and as such, was a plea in abatement, and, by the filing of the first paragraph of answer in bar, the appellee could not thereafter file the subsequent plea as set forth in the second paragraph of answer which appellant claims was an answer in abatement. The appellant cites the rule that if a plea in abatement is filed after an answer in bar, such plea will be striken out on motion, even though such answer was withdrawn by leave of the court for the purposes of filing the plea in abatement. An answer in abatement must precede, and cannot be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. §2-1034, Burns' 1946 Repacement.

Therefore, we must determine whether or not appellee's second paragraph of answer was, in reality, an answer in abatement or an answer in bar.

An answer which states facts alleging that the plaintiff had no interest in the subject-matter of the action at the time of its commencement, or that the plaintiff is not the real party in interest has been held to be an answer in bar and not in abatement. *Wilson* v. *Clark* (1858), 11 Ind. 385; *Pixley* v. *Van Nostern* (1884), 100 Ind. 34; *Bostwick* v. *Bryant* (1888), 113 Ind. 448, 16 N. E. 378.

It has been held that an answer which denies the

character of the plaintiff as administrator is an answer in bar and not in abatement, and a plea of *ne unques* administrator may be pleaded in bar. *Codding* v. *Whitaker* (1840), 5 Blackf. 470; *Weathers* v. *Newman* (1823), 1 Blackf. 232.

Therefore, appellee's verified second paragraph of answer, since it was a plea in bar, although filed sometime after the first paragraph of answer which denied the material allegations of the plaintiff's complaint, did not, under §2-1034, Burns' 1946 Replacement, constitute a waiver on the part of the defendant to question the legal existence of appellant as a party plaintiff, which he had asserted by a pleading under oath. A pleading which questions the capacity to sue is limited by §2-1034, *supra,* and must be under oath, and must precede a plea in bar. However, appellee's answer in this case did not merely question the capacity of plaintiff who maintained the action in controversy, but rather it questioned the legal existence of the appellant as a party plaintiff. The capacity to sue is the right to come into court. On the other hand where there is no legal entity in the name by which a plaintiff is designated, there may be no cause of action. The legal existence of the plaintiff and the legal capacity to sue must co-exist. The pleading, therefore, which questioned the legal existence of appellant was one in bar and not in abatement. The trial court, therefore, did not err in overruling appellant's motion to strike rhetorical paragraphs Nos. 1 and 2 from appellee's second paragraph of answer.

As to the alleged error in striking out the answer of the witness, Carrie M. White, as to whether or not she had been appointed adminstratrix for her son, it is a general rule that where matters are by law required to be made of record for an

official document, omission as to such matters cannot be supplied by parol or extrinsic evidence, unless the absence of such written record is satisfactorily explained. *Allen* v. *Gilkison* (1921), 76 Ind. App. 233, 132 N. E. 12; *Terre Haute, etc., R. Co.* v. *Town of Flora* (1902), 29 Ind. App. 442, 64 N. E. 648.

Appellee's complaint in support of the motion to strike out this answer, asserts the best evidence rule and insists that the record of such appointment is the best evidence thereof. Subject to the general observation that there is no rule of evidence which allows of more exceptions than the best evidence rule, it is generaly held that written evidence of matters of fact required by law to be made of record for an official document, constitutes the best evidence thereof, unless the absence of such writing is satisfactorily explained. 32 Corpus Juris Secundum, §785, p. 710.

Did the trial court err in directing the jury to find for the appellee and in overruling appellant's motion for a new trial? The action brought by the appellee in the instant case was for damages for the wrongful death of appellant's decedent. The right to maintain an action for damages for wrongful causing the death of a human being did not exist at common law, and such right as it now exists is purely statutory. Such actions can only be brought by the administrator or personal representatives of the person whose death has been caused. §2-404, Burns' 1946 Replacement; *B. & O. R. R.* v. *Gillard* (1904), 34 Ind. App. 339, 71 N. E. 58; *Drury* v. *Krogman* (1919), 70 Ind. App. 607, 120 N. E. 620; *L. E. & W. R. R.* v. *Charman* (1903), 161 Ind. 95, 67 N. E. 923.

The appellant sought to have introduced into evidence its Exhibit No. 1 which was a certified copy of letters

of administration which had been identified by the witness, Carrie ,M. White, and to which the court sustained the appellee's objection to the admission of such exhibit. The appellant asserts such action was erroneous.

Exhibit No. 1 is not in the Bill of Exceptions, nor are the contents thereof set forth within appellant's brief. In the objection to the introduction of such exhibit set forth in appellant's brief the grounds of such objection are that the Exhibit was dated September 29, 1947, and that the exhibit shows that that was the date of the appointment of the administratrix which was long after the filing of the complaint in this action, and the issuance of the summons, and after the running of the statutory period of limitation of two years. Since the appellant has not seen fit to bring such exhibit into the record and since no contention is made on behalf of the appellant that such administratrix was duly appointed within the period of the statute of limitations, this court cannot say, upon the record before it, that the trial court erred in sustaining the objection of appellee to such exhibit.

Furthermore, the appellant has not shown that the administratix was appointed within the period of the statute of limitations, nor has the appellant shown that the court has erroneously excluded any evidence which would tend to establish such fact. The appellee had denied the character and capacity in which appellant sued as administratrix under oath, and the appellant has not shown that the court erroneously excluded evidence showing that the administratrix was duly appointed as such administratrix within the period of the statute of limitations No error appears which would justify this court in holding that the trial court erred in overruling appellant's motion for a new trial. The

law presumes that a court's rulings are correct until the contrary is shown. *Livengood* v. *Wright* (1932), 94 Ind. App. 664, 180 N. E. 680; *Knotts* v. *Tuxbury* (1918), 69 Ind. App. 248, 117 N. E. 282.

We find no reversible error, and the judgment is, therefore, affirmed.

NOTE.—Reported in 103 N. E. 2d 901.