GENERAL MOTORS CORPORATION, Appellant (Defendant Below),

v.

Cornellia ARNETT, Personal Representative of the Estate of Tilford J. Arnett, Sr., deceased, Appellee (Plaintiff Below).

No. 2–780A246.

Court of Appeals of Indiana, Second District.

April 8, 1981.

Rehearing Denied June 12, 1981.

Frank E. Tolbert, Miller, Tolbert & Wildman, Logansport, for appellant.

William E. Beck, II, James R. Martin, Martin & Beck, Kokomo, for appellee.

SULLIVAN, Judge.

Defendant-Appellant, General Motors Corporation (G.M.), appeals an interlocutory order of the Tipton Circuit Court pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(5) and presents for review the following issue:

> Whether the trial court erred in denying G.M.'s motion for summary judgment, when the plaintiff in a wrongful death action filed her complaint within the statutory period of the Indiana Wrongful Death Act, I.C. 34–1–1–2 (Burns Code Ed. 1973), but was not duly appointed the decedent's personal representative until after the statutory period had expired.

We reverse.

The Indiana Wrongful Death Act, I.C. 34–1–1–2 (Burns Code Ed. 1973), provides in pertinent part: "When the death of one is caused by the wrongful act or omission of another, the *personal representative* of the former may maintain an action therefor against the latter, . . . . When the death of one is caused by the wrongful act or omission of another, the action *shall* be commenced by the *personal representative* of the decedent within *two* [2] *years*, %y4(4)27" (emphasis supplied).

Tilford J. Arnett, Sr., died on January 28, 1978. His wife, plaintiff-appellee Cornellia Arnett (Mrs. Arnett), filed a wrongful death action against G.M. on May 10, 1979. Mrs. Arnett presented herself as her deceased husband's personal representative in her complaint and in answer to G.M.'s Interrogatory No. 1(f) inquiring as to her authority to act for her husband's estate. However, she was not duly appointed as the personal representative of his estate until May 27, 1980, four months after the statutory period had expired.

On May 29, 1980, G.M. filed a motion for summary judgment, asserting that there was no issue as to any material fact and that G.M. was entitled to judgment as a matter of law, because Mrs. Arnett had not possessed the legal capacity to bring this action at any time during the statutory period. On July 15, 1980, the trial court

denied the motion and G.M. proceeded with this appeal.

Our function in reviewing an order on a motion for summary judgment is to determine whether or not a genuine issue of fact exists. Mrs. Arnett does not dispute her belated appointment as personal representative. Therefore, the true issue before us is whether, as a matter of law, Mrs. Arnett can maintain her action against G.M., when she neither commenced the action in the capacity of personal representative nor attained that capacity until after the statutory period of I.C. 34–1–1–2, had expired. If she cannot maintain the action, then the trial court erred in denying G.M.'s motion for summary judgment. To determine this issue we examine the following with regard to the maintenance of Mrs. Arnett's action:

1. Indiana substantive law relative to wrongful death actions;

2. Ind.Rules of Procedure, Trial Rule 15(C); and

3. Ind.Rules of Procedure, Trial Rule 17(A).

## I.

G.M. contends 1) that both the legal existence of the plaintiff and the capacity to sue must coexist, *White v. Allman* (1952) 122 Ind.App. 208, 214, 103 N.E.2d 901, 904; 2) that Mrs. Arnett possessed neither during the statutory period of I.C. 34–1–1–2; and 3) that, therefore, she cannot maintain her action against G.M. We agree.

In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law. *Bocek v. Inter-Insurance Exchange of Chicago Motor Club* (3d Dist. 1977) Ind.App., 369 N.E.2d 1093; *White v. Allman* (1952) 122 Ind.App. 208, 103 N.E.2d 901; *Shipley v. Daly* (1939) 106 Ind.App. 443, 20 N.E.2d 653; *Drury v. Krogman* (1918) 70 Ind.App. 607, 120 N.E.

620; *Elliott v. Brazil Block Coal Co.* (1900) 25 Ind.App. 592, 58 N.E. 736. Since this right in Indiana is purely statutory, the two year time period within which an action must be commenced is a "condition attached to the right to sue." *Bocek v. Inter-Insurance Exchange of Chicago Motor Club, supra,* 369 N.E.2d at 1097. It is the determining factor in the case at bar that in Indiana this two year time period is not a statute of limitation but a condition precedent to the existence of the claim. Indiana case law is also clear that the only proper plaintiff in a wrongful death action is the one designated in the wrongful death statute, i. e., the personal representative. *White v. Allman, supra,* 103 N.E.2d at 904; *Drury v. Krogman, supra,* 120 N.E. at 622; *Lake Erie & W.R. Co. v. Charman* (1903) 161 Ind. 95, 97, 67 N.E. 923, 924.

It was a condition precedent that the action against G.M. be brought by someone in the capacity of the personal representative. Mrs. Arnett failed to meet that condition, because she did not have that capacity within two years of her husband's death. She lost her statutorily conferred right to bring a wrongful death action under I.C. 34–1–1–2 and thus cannot maintain her action against G.M.

## II.

Mrs. Arnett contends that T.R. 15(C) is determinative of the issue before us in that it allows her belated appointment as personal representative to relate back to the date on which she filed her complaint. T.R. 15(C) does allow an *amended pleading* which conforms to prescribed conditions to relate back to the date of the *original pleading*.[1] We need say only that T.R. 15(C) does not specifically apply here, for the simple reason that it was *not* her complaint which was amended, rather it was her legal status which was altered. The record reveals no amendment to her complaint.

---

1. We recognize that T.R. 15(C) expressly provides for a change of defendants only. *Eberbach v. McNabney* (2d Dist. 1980) Ind.App., 413 N.E.2d 958. We do not address the question whether this rule may apply to a change of plaintiffs, since the rule does not apply in this case. For a discussion of changing plaintiffs, see Federal Advisory Committee Notes on 1966 Amendment, 2 W. Harvey, Indiana Practice at 136 (1970); Wright & Miller, Federal Practice and Procedure: Civil § 1501 (1971).

Although T.R. 15(C) does not apply in the case at bar, we recognize that the rationale underpinning this rule might be argued to permit the relation back doctrine to operate for Mrs. Arnett. T.R. 15(C) is "keyed to notice." 2 W. Harvey, Indiana Practice § 15.4, at 14 (Supp.1980) (citing 8 Ind.L.Rev. 59). G.M. had notice. Nothing changed which would prejudice G.M. Only Mrs. Arnett's legal capacity changed.

Also we are cognizant of other jurisdictions and federal cases which do permit an amended complaint, changing a plaintiff's legal capacity from individual to that of personal representative, or a belated appointment to relate back to the date of the original filing in order that such capacity or appointment may fall within the requisite statutory period of the applicable wrongful death act. These jurisdictions and federal law, however, view the time period in a wrongful death statute as merely a statute of limitation. *Pflugh v. United States* (W.D.Pa.1954) 124 F.Supp. 607; *Graves v. Welborn* (1963) 260 N.C. 688, 133 S.E.2d 761; *Douglas v. Daniels Bros. Coal Co.* (1939) 135 Ohio St. 641, 22 N.E.2d 195; *see* 3 A.L.R.3d 1234 (1965).

The federal cases construing F.R.C.P. 15(c) are not applicable to a wrongful death action under Indiana law, even though the wording is identical in F.R.C.P. 15(c) and Ind. T.R. 15(C). Although the absence of prejudice to G.M. is apparent in the case before us, that equitable reason for the federal construction of their rule F.R.C.P. 15(c) as applied to wrongful death limitation periods does not permit us to change our two year time period from a condition precedent to a statute of limitation. Thus even had Mrs. Arnett amended her complaint, T.R. 15(C) would not benefit her. Moreover, the appointment itself cannot relate back for the purposes of I.C. 34–1–1–2 because of the Indiana view that the two year period is a condition precedent.

### III.

Mrs. Arnett contends that T.R. 17(A) prevents a dismissal of her action. T.R. 17(A) does prevent the dismissal of an action upon the basis that it was not prosecuted in the name of the real party in interest. However, T.R. 17(A) is not controlling with respect to the issue before us, i. e., whether as a matter of law Mrs. Arnett may maintain her action. Indiana substantive law as hereinabove discussed must be held to control over the procedural liberality contained in T.R. 17(A).

### IV.

Resolving any doubt as to the existence of an issue of fact against the moving party, G.M., we perceive no genuine issue of material fact. As a matter of law, Mrs. Arnett cannot maintain her action against G.M., because she failed to meet a condition precedent attached to the right to sue conferred by I.C. 34–1–1–2. The procedural rules T.R. 15(C) and T.R. 17(A) cannot create a new substantive right for Mrs. Arnett in place of the one she lost. In an Indiana wrongful death action neither the belated appointment itself nor an amended complaint can relate back to the date of the original filing.

Since Mrs. Arnett cannot maintain the action, G.M. is entitled to summary judgment as a matter of law. Accordingly, we reverse and remand with instructions to enter summary judgment for G.M.

BUCHANAN, C. J., and SHIELDS, J., concur.