George W. McDONALD, Anna J. McDonald, and Mark A. Warsco, Trustee, Appellants–Plaintiffs,

v.

FAIRFIELD PATHOLOGISTS, INC., and Walter D. Griest, M.D., as an Agent or Employee of Fairfield Pathologists, Inc., and Walter D. Griest, Individually, Appellees–Defendants.

No. 17A04–9011–CV–00563.

Court of Appeals of Indiana, Fourth District.

Oct. 29, 1991.

Ronald L. Sowers, Richard R. Bleeke, Fort Wayne, for appellants-plaintiffs.

Michael P. O'Hara, John M. Clifton, Jr., Barrett & McNagny, Fort Wayne, for appellees-defendants.

CHEZEM, Judge.

## CASE SUMMARY

Plaintiffs/Appellants, George and Anna McDonald, appeal from the trial court's entry of summary judgment in favor of Defendants/Appellees, Fairfield Pathologists, Inc., et al. We affirm.

## ISSUE

Did George and Anna McDonald have standing to bring a Medical Malpractice claim against the Fairfield Pathologists?

## FACTS

On or about March 18, 1986, Dr. Victor Binkley removed moles from George McDonald's neck and right side of his face. Dr. Binkley submitted the tissue to Fairfield Pathologists to determine whether it was malignant. Dr. Walter D. Griest, an employee of Fairfield, conducted the test and concluded that the tissue was benign.

On December 16, 1986, McDonald revisited Dr. Binkley who removed an enlargement from behind McDonald's left ear and again submitted the tissue to Fairfield; Fairfield determined this tissue to be malignant. Fairfield then reexamined the tissue removed in March, 1986, and discovered it too had been malignant. On or about December 23, 1986, McDonald learned of the error in the March, 1986, biopsy report.

On February 5, 1988, McDonald and his wife filed a joint voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. On February 12, Mark A. Warsco was appointed as the bankruptcy trustee. The McDonalds did not schedule their claim against Fairfield and Griest as an asset of the estate, and did not disclose to Warsco the existence of

the claim. On May 20, 1988, the McDonalds were granted an order of relief in the form of discharge.

On March 18, 1988, while the McDonald's bankruptcy was pending, George filed a proposed complaint against Fairfield Pathologist and Dr. Griest with the Indiana Department of Insurance. Both Fairfield and Dr. Griest participated in the Medical Review Panel process. On February 22, 1990, the Medical Review Panel unanimously found that certain acts alleged in the amended proposed complaint constituted medical negligence. On May 10, 1990, the McDonalds filed a complaint in Allen Superior Court.

On June 26, 1990, Fairfield and Dr. Griest answered the complaint and moved for change of venue to DeKalb Circuit Court. Thereafter, on August 3, 1990, the McDonalds filed a motion to join their bankruptcy trustee as plaintiff. In the interim, Dr. Griest died, and on September 24, 1990, his personal representative was substituted as party defendant.

On September 12, 1990, Fairfield Pathologist and Dr. Griest filed a motion for summary judgment contending that (1) McDonald had no standing to file a proposed complaint with the Department of Insurance in March, 1988, because he filed a petition for bankruptcy prior to that date; (2) the trustee did not file a proposed complaint or a state court complaint within two years of the alleged negligence; and (3) given the alleged lack of standing and failure by the trustee to pursue the claim, McDonalds and the trustee were barred by the statute of limitations. On October 29, 1990, the trial court granted summary judgment against the McDonalds.

## DISCUSSION AND DECISION

■ On appeal of an order granting summary judgment, we review the record to determine whether there was no genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Lilge v. Russell's Trailer Repair, Inc.* (1991), Ind.App., 565 N.E.2d 1146.

■ The only issue presented is whether George McDonald had standing to pursue his claim of medical malpractice before the Indiana Department of Insurance. If McDonald did not have standing, no claim before the Insurance Department would have been brought within the two year statute of limitations. State courts lack subject matter jurisdiction over medical malpractice actions when a claimant has not presented a claim to, and received an opinion from the medical review panel. *See* IC 16–9.5–9–2.

■ The filing of a bankruptcy petition under Title 11 of the United States Code creates a bankruptcy estate which consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). McDonald argues, however, that his claim never became part of the bankruptcy estate because it was not assignable under state law.[1] We do not agree. The legislative history[2] of 11 U.S.C. § 541 shows that the bankruptcy estate was to include all causes of action of the debtor whether or not assignable under state law. By virtue of the Supremacy Clause, IC 16–9.5–2–5 cannot prevent a medical malpractice cause of action from becoming property of the bankruptcy estate.

■ McDonald argues that even if the malpractice claim is property of the bankruptcy estate, he could still pursue such claim in his own name, recovering a judgment that would go to the benefit of the bankruptcy creditors. Again, we do not agree. If a cause of action exists on behalf of the estate, suit must be brought exclu-

---

1. IC 16–9.5–2–5 provides "A patient's claim for compensation under this article is not assignable."

2. "The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests, such as ... tangible and intangible property, ... causes of action ... whether or not transferable by the debtor." H.R.Rep. No. 595, 95th Cong., 2d Sess. 175 *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6136 (footnotes omitted).

sively by the trustee of the estate. *In re Couch,* 43 B.R. 56 (Bkrtcy.E.D.Ark.1984).

■ Lastly, the medical malpractice claim did not revert to McDonald by virtue of abandonment. A cause of action can not be abandoned when it was not listed in the debtor's schedule or otherwise disclosed to creditors. *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402. McDonald's failure to list the cause of action in the bankruptcy schedule prevented the trustee from abandoning it. The malpractice claim remained in the bankruptcy estate divesting McDonald of standing to pursue the action.

Affirmed.

CONOVER and BAKER, JJ., concurring.