Joseph D. BRADLEY, United States Bankruptcy Trustee, Appellant–Plaintiff–Respondent–Intervenor Below,

v.

Ernest W. STILLER, Jr., M.D., and Starke Memorial Hospital, Appellees–Defendants–Petitioner Below.

No. 75A03–9208–CV–235.

Court of Appeals of Indiana, Third District.

Dec. 22, 1992.

Transfer Denied March 2, 1993.

Donald W. Rice, Matthew D. Soliday, Rice & Rice, Portage, for appellant.

Michael L. Carter, David D. Becsey, La-Cava Zeigler & Carter, Indianapolis, for Starke Memorial Hosp.

David M. McTigue, Anthony D. Kowals, Allen, Fedder, Herendeen & Kowals, South Bend, for Ernest W. Stiller, Jr., M.D.

STATON, Judge.

Joseph Bradley, United States Bankruptcy Trustee, appeals the grant of summary judgment in a medical malpractice action commenced by George and Ida Schoff against Ernest Stiller, M.D. and Starke Memorial Hospital. Trustee presents two issues for our review:

I. Whether the trial court properly granted summary judgment upon the defendants' claim that no party with standing filed a complaint within the applicable statute of limitations period.

II. Whether the trial court properly denied Trustee's laches claim.

We affirm.

On May 23, 1988, Ernest Stiller, M.D. performed orthopedic surgery upon George Schoff at Starke Memorial Hospital. Schoff was re-admitted to the Hospital on June 18, 1988 and discharged on June 25, 1988.

George and Ida Schoff filed a joint petition for Chapter 7 bankruptcy on August 9, 1989. Hospital and Stiller were listed on the Schoffs' Schedule A as unsecured creditors. However, the Schoffs' schedule of assets listed no contingent or unliquidated claim against either Stiller or Hospital. On November 21, 1989, the bankruptcy court entered an Order of Discharge of Joint Debtors.

On April 6, 1990, the Schoffs filed with the Indiana Department of Insurance a proposed complaint of medical malpractice against Stiller and Hospital. Stiller and Hospital filed motions for summary judgment (on January 27, 1992 and February 11, 1992, respectively) alleging that the Schoffs lacked standing to pursue a claim of medical malpractice. Stiller and Hospi-

tal further alleged that Trustee, who had standing to file a medical malpractice action, failed to do so within the two year statute of limitations period.

On March 24, 1992, the Schoffs filed a response to the motions for summary judgment, raising a claim of laches. On the same date, Trustee filed a Motion to Intervene and a Motion to be Substituted as a Party. The motion to intervene and motions for summary judgment were granted by the Starke Circuit Court on April 6, 1992. This appeal ensued.

## I.

### Summary Judgment

Summary judgment is appropriate when the designated materials and testimony show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1178, *reh. denied.* In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Id.*

■ The instant case involves no factual dispute. The issue of law presented is whether Trustee's claim is barred by the statute of limitations because Schoffs lacked standing to file their proposed complaint and Trustee did not file a complaint within two years of the alleged negligence.[1]

■ Upon the filing of a bankruptcy petition under Title 11 of the United States Code, all legal or equitable interests of the debtor in property—including any medical malpractice cause of action—become part of the bankruptcy estate. 11 U.S.C.

§ 541(a); *McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690, 692. At the commencement of the bankruptcy action, the debtor is divested of standing to pursue his cause of action and suit must be brought exclusively by the trustee. *Id.* at 692–93. A debtor who fails to disclose a potential cause of action in a bankruptcy proceeding is precluded from pursuing the undisclosed claim in subsequent litigation. *Schlosser, supra,* at 1179.[2]

The Schoffs' malpractice claim (which accrued prior to the filing of their bankruptcy petition) became part of the bankruptcy estate on August 9, 1989. Consequently, the Schoffs lacked standing to file their proposed complaint on April 6, 1990. Trustee filed no complaint within two years from the date of the alleged negligence—May and June of 1988. Therefore, the applicable statute of limitations expired before Trustee's motion to intervene in this action; Stiller and Hospital were entitled to judgment as a matter of law.

## II.

### Laches

■ Trustee contends that Stiller and Hospital should have been precluded from asserting a statute of limitations defense two and one-half years after receiving notice of the Schoffs' bankruptcy petition. Trustee claims that he would have promptly intervened had Stiller and Hospital timely raised the issue of the Schoffs' lack of standing.

The record discloses that Stiller and Hospital were listed as creditors on the Schoffs' bankruptcy schedule and received notice of the bankruptcy petition in 1989.

---

1. IND.CODE 16–9.5–3–1 provides that a claim for medical malpractice must be brought within two years from the date of the alleged act, omission or neglect. This statute is an "occurrence" statute; thus, an action for medical malpractice must be filed within two years from the date the alleged negligent act occurred rather than from the date of discovery. *Hospital Corp. of America v. Hiland* (1989), Ind.App., 547 N.E.2d 869, 872, *reh. denied.*

2. An accrued right of action may be abandoned by the trustee—and subsequently pursued by the debtor—only if listed on the debtor's schedule of assets or otherwise disclosed to creditors. *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, 403, *trans. denied.*

However, Stiller and Hospital first received notice of the malpractice claim on April 6, 1990, the date of the filing of the proposed complaint. Stiller and Hospital did not raise a challenge to the bankruptcy petition; rather, they properly asserted a defense to the malpractice complaint.

Moreover, Trustee seeks to impose upon Stiller and Hospital a duty to inform Trustee of the Schoffs' failure to disclose their cause of action. However, the duty to disclose all assets, including accrued malpractice claims, rests squarely upon the debtor. *McDonald, supra.* Clearly, the reason Trustee did not timely intervene in this action is because the Schoffs failed to disclose the existence of their cause of action in their bankruptcy petition. The trial court's rejection of the Schoffs' laches argument was proper.

Affirmed.

HOFFMAN and CHEZEM, JJ., concur.