**Joseph HAMMES, Trustee of the Bankruptcy Estate of Donna (Smith) Judy, Appellant–Plaintiff,**

v.

**Jennifer BRUMLEY, Appellee–Defendant,**

**John G. Warne, Intervenor.**

No. 49A02–9307–CV–382.

Court of Appeals of Indiana, Third District.

April 25, 1994.

Michael G. Ruppert, Miroff Cross Ruppert & Klineman, Indianapolis, for appellant Joseph Hammes.

Todd J. Kaiser, Locke Reynolds Boyd & Weisell, Indianapolis, for appellant John G. Warne.

James A. Goodin, Patrick L. Miller, Goodin & Kraege, Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-plaintiff Joseph Hammes, trustee of the bankruptcy estate of Donna Smith Judy, and intervenor John G. Warne (collectively referred to as "Hammes") appeal the trial court's decision awarding summary judgment in favor of appellee-defendant Jennifer Brumley in a civil action for personal injury damages resulting from an automobile accident.

The facts relevant to this appeal disclose that on May 8, 1991, Judy filed her complaint alleging that Brumley negligently operated an automobile on May 16, 1989, resulting in a collision with Judy's automobile and damages to Judy's person and property. On September 19, 1990, Judy filed a Chapter 7 petition in bankruptcy in the United States Bankruptcy Court for Southern Indiana. She received a discharge from the bankruptcy court on January 7, 1991. Judy did not list her right of action against Brumley on her bankruptcy schedules. She also did not list any possible exempt property she may have had arising out of the personal injury claim.

After determining that Judy had not listed the lawsuit as an asset of the bankruptcy estate, Brumley moved for summary judgment on November 16, 1992. On January 19, 1993, Judy petitioned the bankruptcy court to reopen the bankruptcy estate for the purpose of adding the lawsuit against Brumley as an asset of the estate. Judy also filed a motion to substitute the bankruptcy trustee as plaintiff in the action against Brumley. Thereafter, the trial court granted Judy's motion to substitute the trustee as the real party in interest upon notice from the trustee that the bankruptcy proceeding had been reopened and the trustee's consent to substitution. Further, the trustee was given time to file an amended complaint. On February

17, 1993, Joseph Hammes, the trustee of the bankruptcy estate, filed an affidavit reporting to the trial court that the bankruptcy court had granted Judy's petition to reopen the case and that he consented to his substitution as real party in interest in the Brumley lawsuit. Hammes filed his amended complaint on February 24, 1993.

Despite the substitution of Hammes, the trial court granted Brumley's motion for summary judgment on March 25, 1993. The court concluded that Judy's failure to include the Brumley lawsuit as an asset of the bankruptcy estate deprived Judy of standing and precluded her from pursuing her action against Brumley. The court further concluded that since Judy did not have standing to pursue the lawsuit against Brumley, the filing of Judy's complaint on May 8, 1991, did not toll the applicable statute of limitations, and, therefore, it would be improper to substitute the bankruptcy trustee as a party plaintiff.

Warne became involved in this action by filing a motion to intervene, after Judy filed a claim against Warne alleging that he had committed attorney malpractice in the Chapter 7 bankruptcy proceeding by failing to list the Brumley lawsuit as an asset of the estate on Judy's bankruptcy schedules. The motion to intervene was granted on April 21, 1993, for purposes of appeal. Hammes, as trustee for the bankruptcy estate, and Warne, as an intervenor in the lawsuit, now appeal the entry of summary judgment.[1]

Hammes contends that the trial court erred in granting Brumley's motion for summary judgment. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied.* The instant case involves no factual dispute.

The Bankruptcy Code provides that the bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Once a debtor files bankruptcy, any unliquidated lawsuits, including any personal injury cause of action, become part of the bankruptcy estate.

*See id.;*

*Mele v. First Colony Life Insurance Co.* (D.D.C.1991), 127 B.R. 82, 84.

Unless scheduled by the debtor and abandoned by the trustee in bankruptcy, such rights of action may no longer be pursued by the debtor.

*Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1179;

*McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690, 692–93.

At the commencement of the bankruptcy action, the debtor is divested of standing to pursue his cause of action and suit must be brought by the trustee. *Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, 1244, *trans. denied.*

In the present case, upon filing bankruptcy, Judy's right of action against Brumley became property of the bankruptcy estate. Thus, the proper party to pursue this right was the bankruptcy trustee. Although Judy did not originally list the right of action on the property schedules, the bankruptcy court allowed Judy to reopen her case for the purpose of adding the lawsuit against Brumley as an asset of the estate and to claim all possible exempt property arising from the suit. Additionally, the trial court granted Judy's motion to substitute the bankruptcy trustee as the real party in interest in the action against Brumley.

---

1. In the present case, the trial court entered findings of fact and conclusions of law. Although such findings facilitate appellate review by offering both this Court and the appellants valuable insight into the lower court's rationale, they have no other effect. *See Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, 1106, *trans. denied.*

█ Indiana Trial Rule 17(A) allows for substitution of the real party in interest. The real party in interest is that person who possesses the right sought to be enforced. *Bowen et al. v. Metro. Bd. of Zoning Appeals et al.* (1974), 161 Ind.App. 522, 528, n. 4, 317 N.E.2d 193, 198, n. 3A, *trans. denied.* T.R. 17 provides in part:

"Every action shall be prosecuted in the name of the real party in interest. . . .

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest."

T.R. 17(A)(2). In the present case, it is Hammes as trustee of the bankruptcy estate and not Judy who is the real party in interest.

█ Trial Rule 17(A) disposes of Brumley's argument that the statute of limitations bars Hammes entry into this action. T.R. 17(A)(2) clearly contains a relation back provision which allows for the substitution of the real party in interest as if the action had been "commenced initially" by the proper party.

See *Benke v. Barbour* (1983), Ind.App., 450 N.E.2d 556, 559 (amendment to complaint seeking compensatory damages for personal injuries and property damages sustained in an automobile accident which sought to substitute the owner of the vehicle driven by plaintiff as the proper party to litigate the property damages claim related back to the original complaint under both Indiana Trial Rules 15(C) and 17(A));

*Childs v. Rayburn, Adm.* (1976), 169 Ind.App. 147, 156, 346 N.E.2d 655, 661 (two-year statute of limitations did not bar the substitution of the real party in interest in wrongful death action).

In *Benke,* plaintiff Bales filed a complaint seeking both compensatory damages for personal injuries and property damages sustained in an automobile accident. After the applicable statute of limitations had run, Bales petitioned the court to file an amended complaint seeking to add the owner of the automobile driven by Bales as a party plaintiff. Thereafter, Bales executed a release for all claims against the defendant and was dismissed from the case. *Id.* at 557. Clearly, Bales had no interest in the claim for property damages. This Court reasoned that since the amendment substituting the owner of the automobile related to the same transaction which was subject of the original complaint, the defendant had notice the personal injury claim and the property claim were being asserted against, and the original complaint and the amended complaint were identical except for substitution of the owner as plaintiff in the property damages claim, there was no prejudice to the defendant. *Id.* at 558–559. Applying the principles of T.R. 15(C) and T.R. 17(A), this Court concluded that the amended complaint should relate back to the time of the original complaint. *Id.* at 559.

Here, as in *Benke,* the amendment substituting Hammes related to the same occurrence which was the subject of the original complaint; Brumley had notice of the claim against her; and the amended complaint was identical to the original complaint filed by Judy except for the substitution of Hammes as plaintiff in the claim. Further, Brumley has not been prejudiced by the substitution of Hammes. Although the trial court properly allowed Hammes to be substituted as the plaintiff in this action, it erroneously failed to give effect to the relation back provision of T.R. 17(A)(2).

See generally *Mele,* 127 B.R. 82, 84 (plaintiff's cause of action not listed on bankruptcy schedules remained an unadministered asset of the bankruptcy estate; therefore, trustee in bankruptcy remains the real party in interest and cause of action must be dismissed or the trustee substituted pursuant to F.R.Civ.P. Rule 17);

*Nagle v. Commercial Credit Business Loans, Inc.* (E.D.Penn.1983), 102 F.R.D. 27, 31–32 (where case was dismissed to stockholders and bondholders of corporations on grounds that they were not

real party in interest to enforce corporations' contractual rights, substitution of trustee in bankruptcy for corporations as plaintiff would be permitted where substitution did not prejudice the defendant and reasonable time for substitution had not elapsed);

*Adams v. Manown* (1992), 328 Md. 463, 615 A.2d 611, 619–20 (where discharged debtor was not real party in interest in lawsuit, substitution of bankruptcy trustee was appropriate).

Of the cases cited by Brumley, the one most similar to the present case, *Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, is readily distinguishable. In *Bradley,* neither T.R. 15(C) nor 17(A) was relied upon. Further, unlike here, there was no allegation that the bankruptcy case had been reopened and the schedules amended to reflect the plaintiff-debtor's interest in the cause of action. Moreover, in *Bradley* there was no substitution of the trustee prior to the trial court's entry of summary judgment.

The trial court erred in granting Brumley's motion for summary judgment on the basis that Judy's lack of standing prevented the substitution of Hammes. Pursuant to T.R. 17(A), the bankruptcy trustee is the real party in interest; his substitution relates back and has the same effect as if Hammes was the original party to the suit. Thus, this cause of action was timely filed and cannot be barred by the statute of limitations.

Reversed and remanded.

GARRARD and CHEZEM, JJ., concur.