**Jack J. STALLSWORTH,**
**Appellant–Plaintiff,**

**v.**

**Anselmo MUNOZ and Fidel & Sons**
**Swimming Pools, Inc., Appellee–**
**Defendants.**

**No. 55A01–9307–CV–249.**

Court of Appeals of Indiana,
First District.

Aug. 11, 1994.

Pequita Jay Buis, Buis & Rowley, Indianapolis, for appellant.

Jeffrey L. McKean, Wooden McLaughlin & Sterner, Indianapolis, for appellees.

NAJAM, Judge.

## STATEMENT OF THE CASE

Jack J. Stallsworth appeals from the trial court's order granting summary judgment in favor of Anselmo Munoz and Fidel & Sons Swimming Pools, Inc. (collectively "Munoz"). As a result of an automobile accident with Munoz, Stallsworth sustained bodily injuries. Stallsworth subsequently filed a Chapter 7 bankruptcy petition but failed to include his personal injury claim against Munoz on his bankruptcy schedules. Following his discharge in the bankruptcy court, Stallsworth brought a negligence action against Munoz in the Morgan Superior Court. Munoz filed a motion for summary judgment and asserted that Stallsworth lacked standing to bring his negligence claim. Stallsworth then petitioned the bankruptcy court to reopen his bankruptcy and to order the United States Trustee to reappoint a trustee to pursue his claim against Munoz on behalf of the estate. The bankruptcy court subsequently entered an order granting Stallsworth's petition. Thereafter, the Morgan Superior Court granted Munoz's motion for summary judgment.

We affirm.

## ISSUE

We restate the issues presented by Stallsworth on appeal as one, dispositive issue: whether the trial court erred when it granted Munoz's motion for summary judgment.

## FACTS

On April 13, 1990, Stallsworth sustained bodily injuries in an automobile accident with Anselmo Munoz, while Munoz allegedly was acting within the scope of his employment with Fidel & Sons Swimming Pools, Inc. At the time of the accident, Stallsworth was the debtor in a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Indiana. As a result of his injuries from the accident, Stallsworth was unable to work for a period of time. Because he could not meet his financial obligations, Stallsworth filed a motion with the bankruptcy court on July 30, 1990, to convert his Chapter 13 reorganization to a Chapter 7 liquidation. The bankruptcy court granted Stallsworth's motion and he filed a Voluntary Petition for relief under Chapter 7. Stallsworth then amended his bankruptcy schedules, but he did not list his personal injury claim against Munoz. On October 31, 1990, Stallsworth was discharged in bankruptcy and the scheduled property of the estate was abandoned after the bankruptcy trustee reported that his was a "no asset" case. Record at 133.

On June 14, 1991, nearly nine months after his debts were discharged and the bankruptcy estate was closed, Stallsworth brought a negligence action against Munoz in the Morgan Superior Court. Munoz filed a motion for summary judgment on October 23, 1992. Shortly thereafter, on November 6, 1992, Stallsworth petitioned the bankruptcy court to reopen his bankruptcy case and to reappoint a trustee to pursue Stallsworth's negligence claim against Munoz on behalf of the estate. The bankruptcy court granted Stallsworth's petition and entered an order reopening the estate on November 9, 1992. After a hearing on the motion, the trial court granted summary judgment in favor of Munoz on March 29, 1993, and entered the following conclusions of law:

This Court is guided by the case of *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, in which the Indiana Court has precluded bankrupts from pursuing undisclosed claims and subsequent litigation. This is barred under the theory of judicial estoppel.

THE COURT ALSO FINDS that the facts of this case are almost identical to *McDonald v. Fairfield Pathologists, Inc.*, 580 N.E.2d 690 (Ind.App.1991) and Judge Chezem in that case denied plaintiff's right to pursue the action.

THE COURT FINDS that since the trustee was not joined as the party litigant at the time the bankruptcy was pending and was not joined until after the situation was brought to plaintiff's attention by the defendant's Motion for Summary Judgment and as an afterthought in order to attempt to rectify the omission by the bankrupt in not listing this cause originally, the trustee reopened this case in order to pursue the matter. That course of conduct is not allowed by Indiana Courts pursuant to the above stated cases.

THE COURT NOW grants the defendant's Motion for Summary Judgment in their favor and against the plaintiff herein as a final judgment in this case.

Record at 247. Stallsworth appeals from that judgment. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing a ruling on a motion for summary judgment, we conduct the same inquiry followed by the trial court. *Selleck v. Westfield Insurance Co.* (1993), Ind.App., 617 N.E.2d 968, 970, *trans. denied.* The party seeking summary judgment bears the burden of establishing the propriety of the motion. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1313. Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). All facts and inferences from the designated evidentiary matter must be liberally construed in favor of the nonmoving party. *Selleck*, 617 N.E.2d at 970. We will affirm summary judgment on any legal theory which is consistent with the designated evidence in the record. *See Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1102.

### Failure to Schedule Negligence Claim

Stallsworth contends that the trial court's order granting summary judgment in favor of Munoz was erroneous. Specifically, Stallsworth asserts that because his bankruptcy estate had been reopened and the bankruptcy trustee had been reappointed to pursue his negligence claim against Munoz, the trial court should have permitted him to substitute the trustee for himself as the "real party in interest" under Trial Rule 17(A). Munoz responds that because Stallsworth lacked standing to bring his claim after being discharged in bankruptcy, he is now "judicially estopped" from reopening the bankruptcy estate and from securing the reappointment of the trustee to pursue the cause of action after the statute of limitations has expired. We agree with Munoz.

Under the Bankruptcy Code, upon the filing of a bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402, 403, *trans. denied.* "This broad provision includes any interest the debtor may have in causes of action." *Boucher*, 498 N.E.2d at 403. At the commencement of the bankruptcy action, the debtor is "divested of standing" to pursue his cause of action and suit must be brought exclusively by the trustee. *Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, 1244, *trans. denied; McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690, 692–93. Further, a debtor who fails to disclose a potential cause of action in a bankruptcy proceeding is precluded from pursuing the undisclosed claim in subsequent litigation. *Id.*

Here, Stallsworth's negligence claim against Munoz accrued before he filed his

petition for relief under Chapter 7. When Stallsworth filed for bankruptcy, this claim "passed into the bankruptcy estate and could only be pursued by the bankruptcy trustee." *See Boucher,* 498 N.E.2d at 403. If the trustee had abandoned the right to bring an action, that right would have reverted to Stallsworth. *See id.* A property interest can be abandoned by the bankruptcy estate only if it "has been listed in the debtor's schedule, has been disclosed to all the creditors and is ordered abandoned by the bankruptcy court." *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1179 (citing *McDonald,* 580 N.E.2d at 693).

However, Stallsworth failed to disclose the existence of his claim against Munoz on his bankruptcy schedules as required under the statute [1] and, thus, prevented abandonment by the trustee. *McDonald,* 580 N.E.2d at 693; *Boucher,* 498 N.E.2d at 403. Therefore, the right of action against Munoz remained in the bankruptcy estate and Stallsworth was divested of standing to pursue it. *See McDonald,* 580 N.E.2d at 693 (plaintiff's malpractice claim not listed on bankruptcy schedule "remained in the bankruptcy estate divesting McDonald of standing to pursue the action"); *Boucher,* 498 N.E.2d at 403 (plaintiff's tort claims not listed on bankruptcy schedule "remained in the bankruptcy estate and Bouchers had no standing to bring the lawsuit").

■ Nevertheless, Stallsworth maintains that he should be permitted to substitute the bankruptcy trustee as the "real party in interest" in his action against Munoz by reopening the bankruptcy estate and securing the reappointment of the trustee to pursue the claim on behalf of his creditors. We disagree. Stallsworth's negligence claim, although he failed to disclose its existence, became the property of the bankruptcy estate when he filed his Voluntary Petition for relief under Chapter 7 on September 10, 1990. Consequently, as we have noted above, Stallsworth lacked standing to file his cause of action against Munoz when he did so

on June 14, 1991. *See Bradley,* 604 N.E.2d at 1244; *McDonald,* 580 N.E.2d at 693.

Although Stallsworth is correct that Trial Rule 17(A) is intended to prevent the dismissal of an action upon the basis that it was not brought in the name of the real party in interest, it does not apply on these facts. Rather, "Indiana substantive law ... must be held to control over the procedural liberality contained in T.R. 17(A)." *See General Motors Corp. v. Arnett* (1981), Ind.App., 418 N.E.2d 546, 549, *trans. denied.* A longstanding tenet of bankruptcy law requires one seeking its benefits to satisfy a companion duty to schedule, for the benefit of creditors, all of his interests and property rights. *Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1102. Stallsworth may not conceal an asset and then circumvent the bankruptcy process simply by reopening the bankruptcy estate when another party raises the issue of non-disclosure. *See id.* at 1103.

We decline to follow the recent opinion in *Hammes v. Brumley* (1994), Ind.App., 633 N.E.2d 266. In *Hammes,* on remarkably similar facts, another panel of this court held that the bankruptcy trustee was the real party in interest and that the relation back provision of Indiana Trial Rule 17(A)(2) allowed for substitution of the trustee as if he were the original plaintiff. *Id.* at 269. However, the *Hammes* court also held that because the suit was timely filed, substitution of the trustee was not barred by the statute of limitations. *Id.* at 270. We cannot agree with that conclusion.

■ As we have previously noted, when Stallsworth filed his Chapter 7 bankruptcy petition, he was divested of all legal and equitable interest in this cause of action. *See Bradley,* 604 N.E.2d at 1244; *McDonald,* 580 N.E.2d at 693; *Boucher,* 498 N.E.2d at 403. Thus, the dispositive question is whether a party who has no standing to sue as a matter of law can nevertheless file a complaint which tolls running of the statute of limitations. We hold that where a putative plaintiff is without authority to maintain an action in the

---

**1.** Title 11 provides that, at the commencement of a Chapter 7 bankruptcy proceeding, "[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities." 11 U.S.C. § 521.

first instance, he is a mere interloper and his act of filing suit does not operate to toll the statute of limitations. *See City of Hobart v. Baum* (1957), 237 Ind. 316, 318, 145 N.E.2d 573, 574 (in class action, when new party-plaintiff is substituted for original party-plaintiff, right of action in the original party-plaintiff is required to avoid running of statute of limitations).

Since Stallsworth had no cognizable claim against Munoz, his act of filing suit was of no legal consequence and did not toll the statute. The relation-back provision of Trial Rule 17(A)(2) does not apply because the rule presupposes that the original plaintiff had standing to bring suit. The provisions of Trial Rule 17(A) "cannot create a new substantive right" for Stallsworth in place of the one he lost upon filing for bankruptcy. *See Arnett*, 418 N.E.2d at 549.

We conclude that the trial court here granted summary judgment, not on the ground that the action was not prosecuted in the name of the real party in interest, but because Stallsworth had no right to bring an action and the statute had continued to run. Thus, the applicable statute of limitations expired before the bankruptcy estate was reopened and the trustee attempted to intervene. The trial court's order granting summary judgment in favor of Munoz is affirmed.

Affirmed.

ROBERTSON, J. and RATLIFF, Senior Judge, concur.