Tracy **SOUTH** as Personal Representative of the Estate of Kenneth D. South, Deceased, and as Parent and Natural Guardian of Brock Duane Freeman and Jessica Marie South, Appellant–Plaintiffs,

v.

**WHITE RIVER FARM BUREAU CO-OP, and Mid–State Manufacturing Corp., Appellee–Defendants.**

No. 51A01–9308–CV–256.

Court of Appeals of Indiana,
First District.

Aug. 30, 1994.

Transfer Denied Dec. 16, 1994.

---

672

David W. Stone, IV, Anderson, David W. Stewart, Phillip L. Stewart & Associates, Carmel, for appellant.

Raymond L. Faust, Ellen White Quigley, Norris, Choplin & Schroeder, Indianapolis, for White River Farm Bureau Co–Op Assn.

Mary K. Reeder, Ryan L. Leitch, Riley, Bennett & Egloff, Indianapolis, for Mid–State Mfg. Corp.

BAKER, Judge.

Today we revisit the issue of the power of a special personal representative to bring a wrongful death action. Appellant-plaintiff Tracy South, as Personal Representative of the Estate of Kenneth D. South, deceased, appeals the trial court's order granting summary judgment in favor of appellee-defendants White River Farm Bureau Co–Op ("Co–Op") and Mid–State Manufacturing Corporation ("Mid–State") on the basis that South was not a proper plaintiff to bring the action.[1]

## FACTS

Kenneth South was electrocuted on August 9, 1989, while working as a farm laborer at Walton Acres, Inc. near Loogootee, Indiana. At the time of his death, Kenneth was work-

---

1. South raises five allegations of error with regard to the trial court's grant of summary judgment. However, because we find South's au- thority to pursue this action dispositive, we decline to address the other allegations of error raised in South's brief.

ing on the farm in a farrowing barn processing piglets. While leaning into a pen to reach a piglet, Kenneth came into contact with a broken brooder light, and was electrocuted. A brooder light is a heat lamp mounted in porcelain bulb holders and surrounded by a metal shroud and grill to protect the bulbs from impact damage. Three or four days prior to the accident, the brooder lamp which caused Kenneth's death had been knocked off of the pen. The porcelain insulator cap had been broken and not replaced.

On April 25, 1990, the probate court issued an order appointing South for the "sole purpose of bringing an action against Walton Acres, Inc. to recover damages for the wrongful death of [Kenneth South]." Record at 288. On February 8, 1991, the probate court approved a settlement between South and Walton Acres Farms. On August 8, 1991, without petitioning the probate court for further authority, South filed this action against Mid–State and Co–Op.

On March 25, 1993, Co–Op filed a motion to dismiss for failure to comply with discovery orders pursuant to Ind. Trial Rule 37(B)(2), which Mid–State joined on April 7, 1993. The trial court held a hearing on the motion to dismiss on April 22, 1993, and ordered South to complete her discovery responses within three weeks. When South failed to comply with the discovery orders, the trial court, on June 7, 1993, denied the motion to dismiss but found that Mid–State and Co–Op were entitled to attorney fees, expenses and costs in connection with the April 22 hearing, and ordered counsel to submit verified bills to the trial court. Based on the affidavits filed by the parties presenting the attorney fees, the court ordered South's counsel to pay Mid–State $1,853.25 and Co–Op $1,528.85 in fees, without holding a hearing to determine the reasonableness of the fees.

Co–Op filed a motion for summary judgment on July 2, 1993, alleging that South had not been properly appointed as the personal representative to pursue the present action, and thus, she did not have standing to sue them. Mid–State filed a similar motion for summary judgment on July 9, 1993. After a hearing, the trial court entered summary judgment in favor of both defendants on August 12, 1993.

### DISCUSSION AND DECISION

■ South claims that the trial court erred in granting summary judgment in favor of Mid–State and Co–Op. When reviewing a grant of a motion for summary judgment, our standard of review is the same as it was for the trial court. *Montgomery County Farm Bureau Co-op Ass'n v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, 195. We must consider the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) without deciding its weight or credibility. Only if such evidence shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law should summary judgment be granted. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, 596. The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences therefrom are viewed in favor of the non-movant. *Id.*

■ South contends that the trial court erred in ruling that the probate court did not authorize South to maintain this action against Mid–State or Co–Op. The right to maintain an action for wrongful death is purely statutory and did not exist at common law. *General Motors Corp. v. Arnett* (1981), Ind.App., 418 N.E.2d 546, 548. Indiana's wrongful death statute grants the right to maintain a wrongful death action only to the personal representative of the decedent. *Rogers v. Grunden* (1992), Ind.App., 589 N.E.2d 248, 258, *trans. denied.* Indeed, the bringing of the action by one in the capacity of personal representative is a condition precedent to the action. *General Motors,* 418 N.E.2d at 548. "The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or *to perform particular acts as shall be stated in the order of appointment.*" IND. CODE § 29–1–10–15 (emphasis added).

■ South concedes that she was not appointed as a general representative; rather she was appointed as the special representative "for the sole purpose of bringing an

action against Walton Acres, Inc. to recover damages for the wrongful death of [Kenneth South]." Record at 288. Based on this authority, South settled her wrongful death claim with Walton Acres. On August 8, 1991, South filed an additional claim against Mid–State and Co–Op. However, the order granting her the authority to proceed in a wrongful death action granted her only the authority to pursue an action against Walton Acres. Once she accomplished this task, her authority was at an end.

Had South desired to pursue other parties as special representative, she was free to petition the probate court for this authority; however, South failed to do so. Our wrongful death statute requires as a condition precedent that an authorized personal representative bring a wrongful death action. *General Motors*, 418 N.E.2d at 548. Here, South was not authorized by the probate court to bring this action against Mid–State and Co–Op within the limitation period.

▮ South argues that we could amend the order appointing her as the special administrator and it would relate back to the filing of the order and cure any procedural defect. The Indiana courts have split on this issue. One has held that because the personal representative must be properly appointed and suit filed within the two-year limitation period, an amendment made after the limitation period had expired would not save the action. *See General Motors*, 418 N.E.2d at 549; *see also Stallsworth v. Munoz*, 639 N.E.2d 1025, 1029 (Ind.App. August 11, 1994) (where plaintiff is without authority to maintain action in the first instance, act of filing suit does not toll the statute of limitations). Another has permitted an amendment by relying upon Ind. Trial Rules 15 and 17. *See Childs v. Rayburn* (1976), 169 Ind.App. 147, 156, 346 N.E.2d 655, 661; *see also Hammes v. Brumley* (1994), Ind.App., 633 N.E.2d 266, 269–70 (substitution of trustee). Nonetheless, we need not delve into this debate. South's case is distinguishable from those cases that have allowed the untimely substitution of the real party in interest.

In *Hammes* and *Childs*, motions to substitute the real party in interest were made to the trial court. *Hammes*, 633 N.E.2d at 268; *Childs*, 346 N.E.2d at 660. No such motion was presented to the trial court here. In fact, we have no real party in interest present now. South has never received general representative authority from the probate court. Although South suggests in her reply brief that we may rewrite the probate court order of appointment either to delete the designation of whom the wrongful death action was to be against or to add Mid–State and Co-op to the designation, we are not at liberty to do so. We conclude that the trial court did not err in its determination that South is not a proper plaintiff to bring this action.

*Attorney Fees*

South also contends that the trial court erred in awarding attorney fees as a discovery sanction without having a second hearing on the defendant's affidavits. South does not contest the award of attorney fees, only the amount. Ind. Trial Rule 37(B)(2) states in relevant part:

[T]he court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

▮ When a petition for sanctions is filed, the court must ordinarily conduct a hearing thereon to determine whether one of the enumerated reasons for not imposing sanctions exists, as well as, the reasonable expenses incurred in establishing the matter which was the subject of the request. *Stachurski v. Moore* (1993), Ind.App., 610 N.E.2d 272, 274, *trans. denied.* A trial court may take judicial notice of reasonable attorney fees in routine cases involving relatively small amounts. *Kahn v. Cundiff* (1989), Ind. App., 533 N.E.2d 164, 172, *adopted,* Ind., 543 N.E.2d 627. However, in non-routine cases the trial court must hold a hearing to determine the appropriate amount of fees. *See Nesses v. Speciality Connectors Co.* (1990), Ind.App., 564 N.E.2d 322, 328.

▮ The court held a hearing on the defendant's request for discovery sanctions un-

der Trial Rule 37 and ordered South to comply with all outstanding discovery within three weeks. After South failed to comply with the discovery orders, the court entered an order granting fees and ordering Mid–State and Co–Op to submit verified bills to the trial court. The court then ordered South to pay the amount of the bills without holding a hearing on the reasonableness of the fees.

As South correctly notes, this is not a routine case involving a small amount. Indeed, the trial court awarded Mid–State $1,853.25 in fees and Co–Op $1,528.85 in fees. Moreover, the trial rule contemplates a hearing before the awarding of fees. *See* T.R. 37(B). Here, the trial court properly held a hearing to determine whether fees should be awarded and even gave South three weeks to cure any deficiencies. However, the court failed to hold a hearing, at the same time or another time, to determine the reasonable amount of the sanction as required by the rule. The trial court erred by failing to hold a hearing regarding the reasonableness of the amount of the attorney fees. Therefore, we reverse the attorney fee awards and remand for further proceedings.

Judgment affirmed in part, reversed in part and remanded.

ROBERTSON, and NAJAM, JJ., concur.