Ernest W. STILLER, M.D., Appellant–Defendant,

v.

Jack LEATHERMAN and Gary Boyn, Trustee of the Bankruptcy Estate of Jack Leatherman, Appellees–Plaintiffs.

No. 64A03–9310–CV–334.

Court of Appeals of Indiana, Third District.

Feb. 14, 1995.

Robert D. Hawk, F. Amin Istrabadi, Spangler, Jennings & Dougherty, P.C. Merrillville, for appellant.

R. Kent Rowe, R. Kent Rowe, III, Rowe, Foley & Gardner, South Bend, for appellees.

## OPINION

HOFFMAN, Judge.

Defendant-appellant, Ernest W. Stiller, M.D., brings an interlocutory appeal of the denial of his request for summary judgment. The facts relevant to appeal are summarized below.

In April 1986, Dr. Stiller performed surgery on Jack Leatherman's knee. An ensuing infection required amputation of Leatherman's leg below the knee. Leatherman filed a proposed complaint before the Indiana Department of Insurance for medical malpractice against Dr. Stiller in April 1988. On December 6, 1989, the medical review panel unanimously determined that Dr. Stiller failed to meet the appropriate standard of care as alleged in Leatherman's complaint.

In June 1988, Leatherman filed a voluntary petition for bankruptcy. The pending suit against Dr. Stiller was listed as a contingent or unliquidated claim. Gary Boyn was appointed trustee of Leatherman's bankruptcy estate on June 8, 1988. In September 1988, the bankruptcy court issued an order of discharge relieving Leatherman from his debts. On September 21, 1988, Boyn, as the trustee, filed an application with the bankruptcy court to employ counsel to pursue Leatherman's claim against Dr. Stiller. On November 9, 1988, the bankruptcy court granted Boyn's application.

Leatherman instituted a proceeding in his own name against Dr. Stiller in February 1990. Dr. Stiller moved for summary judgment on August 10, 1993. Dr. Stiller alleged that upon commencement of the bankruptcy action, Leatherman was divested of standing to institute a claim and that the suit must be brought exclusively by the trustee.

On August 30, 1993, Boyn filed a motion to ratify Leatherman's actions in prosecuting the claim and to be joined as a party or for substitution as the named plaintiff. Boyn attached his affidavit disclosing that he had authorized counsel to continue the medical malpractice litigation which had been previously instituted before the Department of Insurance in Leatherman's name.

On September 7, 1993, the trial court denied Dr. Stiller's motion for summary judgment and granted Boyn's motion to be "added as party plaintiff" in the cause. Pursuant to Dr. Stiller's request, the action was certified for interlocutory appeal of the denial of his request for summary judgment.

As consolidated, Dr. Stiller raises one issue for review: Whether the trial court erred

in failing to grant summary judgment in favor of Dr. Stiller where the action was commenced in the name of the debtor rather than in the name of the trustee in bankruptcy.

■ When reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. Where material facts are not in dispute, the issue is the application of the law to the facts. *Fidelity Financial Services v. Sims* (1994), Ind.App., 630 N.E.2d 572, 574. Specifically, Dr. Stiller contends that because Leatherman lacked standing to bring the action and the trustee did not move to intervene or be substituted as a party until after the statute of limitations had expired, Ind. Trial Rules 17(A) and 15(C) cannot salvage the action. Thus, according to Dr. Stiller, judgment must be entered in his favor. Dr. Stiller directs our attention to *Bradley v. Stiller* (1992), Ind.App., 604 N.E.2d 1242, and *McDonald v. Fairfield Pathologists, Inc.* (1991), Ind.App., 580 N.E.2d 690.

Both *Bradley* and *McDonald* are distinguishable from the present case. The applicability of T.R. 17(A) and T.R. 15(C) were not at issue in *McDonald* or in *Bradley*. Also, in *Bradley* the proposed complaint was initiated by the debtor after the bankruptcy action had been filed and the claim against Dr. Stiller was not listed on the schedule of assets. Further, in *Bradley* the trustee was not substituted prior to the entry of summary judgment. *See also Shewmaker v. Etter* (1994), Ind.App., 644 N.E.2d 922 (summary judgment inappropriate where debtor failed to list claim in bankruptcy, but bankruptcy reopened and schedule amended *nunc pro tunc*, allowing discharge date prior to filing tort action in debtor's own name).

■ The circumstances in the present cause are similar to those in *Hammes v. Brumley* (1994), Ind.App., 633 N.E.2d 266. It is true that upon commencement of a bankruptcy action, any unliquidated lawsuits, including any personal injury cause of action, become part of the bankruptcy estate. *Id.* at 268. Thus, the proper party to pursue the claim was the bankruptcy trustee. However, T.R. 17(A) allows for substitution of the real party in interest. The real party in interest is that person who possesses the right sought to be enforced. *Id.* at 269. In pertinent part the rule provides:

"Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest."

T.R. 17(A).

[3] Here, the trustee was familiar with the claim and authorized the debtor to pursue the claim in his own name in constructive trust for the creditors since it had been initiated prior to the bankruptcy action. When it was determined that the action must be brought in the name of the trustee, the trustee moved to ratify, join or be substituted as the real party in interest. The trial court granted the motion.

■ Trial Rule 17(A), especially in conjunction with T.R. 15(C) allowing relation back, disposes of Dr. Stiller's argument that the statute of limitations bars Boyn's entry into this action. Trial Rule 17(A) clearly contains a relation back provision which allows for the substitution of the real party in interest as if the action had been "commenced initially" by the proper party. *But see, Stallsworth v. Munoz* (1994), Ind.App., 639 N.E.2d 1025, 1028.

Accordingly, the trial court properly refused summary judgment.

Affirmed.

GARRARD, J., and SHARPNACK, C.J., concur.